Borough of West Chester, Appellant *v.* Amrit Lal, Appellee.

Argued April 3, 1978, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Ross A. Unruh,* with him *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellant.

*David L. Kaufman,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 30, 1978:

Appellee was charged with violations of appellant's Borough Code and Building Code, arising from the use of the underground lower level of his home as living facilities for rent. The Chester County Court of Common Pleas found appellee not guilty of all charges after trial de novo on appeal from summary convictions. We must reverse and remand to the court of common pleas to enter an appropriate verdict.

The property in question is located within a "R-3" residential district, in which a single-family detached house is the only permitted use absent accessory and special exception uses irrelevant here. At the time appellee purchased the property in August 1972, the definition of "family" in appellee's Borough Code included "not more than 4 boarders, roomers or lodgers," but, by amendment effective February 14, 1973, that phrase was deleted. When appellee began occupancy, the lower level consisted of three unfinished rooms containing a washer, dryer and toilet facilities, but appellee immediately had panelling installed and allowed two individuals, a full-time housekeeper and a part-time handyman, to live in the lower level in at least partial return for their services. After both moved out near the end of 1972, appellee offered the rooms on a rental basis to other individuals, the first of whom began occupancy in January 1973. During the summer of 1975, in response to requests from individuals who had recently moved in, appellee installed a stove on the lower level for their use, and shortly thereafter, to prevent abuses of the use of his telephone upstairs, appellee had a coin telephone installed in the lower level.

On September 17, 1975, acting on the observations of neighbors as to possible occupancy of the premises by persons not in appellee's family, the Borough

Building Inspector and Zoning Officer, Housing Inspector, and a police officer obtained permission to inspect the lower level from one of the individuals living there. They returned with a search warrant the next day. Appellee was informed by letter from appellant's Building Inspector and Zoning Officer, dated September 22, 1975, that he was in violation of appellant's zoning and building ordinances in that he was renting an apartment in a "R-3" district, renting an apartment in a cellar, and renting an apartment without having obtained a certficate of occupancy and building permit. A re-inspection on September 30, 1975, revealed no differences in the premises since the previous inspections. A criminal complaint was executed on September 30, 1975, charging appellant with:

Renting an apartment(s) which is not a permitted use in an R-3 Zoning District (West Chester Code §112-13 et seq.). Renting an apartment(s) for living purposes, in a cellar, which is not permitted (West Chester Code §112.8). Renting the apartment(s) without having obtained a certificate of occupancy required by the Zoning Ordinance (West Chester Code §112-54 et seq.) or a building permit required by the Building Code (BOCA Basic Building Code §113.1).[1]

Appellee was fined $900.00 plus costs and sentenced to thirty days imprisonment by a district justice.

At the trial de novo, two of the individuals who occupied the lower level of appellee's home in 1975 testified that they were required to put up a security deposit upon beginning occupancy and paid a fixed weekly fee for which they received receipts from appellee. They ate and slept on the lower level and

---

[1] The copy of the criminal complaint as printed in the reproduced record contains a line across the citation to "West Chester Code §112.8."

could watch television or relax in a "lounge area" there. They prepared their own meals on the stove on the lower level. Both said appellee only came downstairs occasionally and never for social purposes. Although both said they were not specifically prohibited from going in any other area of the house, they both testified that a door at the top of stairs leading to the upper level was kept locked and that if they wanted access to the upper level, they would go outside from the lower level, around the house and up steps to the front door. An individual who lived in one of the rooms from January 1973 until July 1973 testified that appellee told him he could use the telephone, kitchen or other facilities upstairs and that he would often play ping-pong or watch television with appellee's children downstairs. Similar testimony was given by another individual who lived on the lower level from February 1975 until May 1975 and by appellee himself. Appellee also denied telling the others who lived there later in 1975 that they were not allowed to use the inside stairs.

The court of common pleas found that appellee had been charged with "offenses of 'renting' " and ruled that "nowhere in the sections cited is an offense of 'renting' set forth." The court held further that even if "renting" were a violation, the term is ambiguous and the charges were insufficient in that they did not specify whether appellee was a lessee or lessor. This appeal followed.

We disagree with the court below as to the characterization of the offenses with which appellee was charged. Since the only permitted use in a "R-3" district is a single-family detached house, "renting an apartment" within such district is clearly prohibited. Section 112.8 of the Borough Code defines "cellar" as "[a]n enclosed building space more than thirty-three and one-third percent (33 1/3%) below grade, which

shall be considered as uninhabitable for living purposes." It is clear that appellee violated this section of the ordinance. Further, since the Borough Code requires a building permit for every alteration of an existing building and a certificate of occupancy for construction of every structural alteration or change in use of a structure, it is clear that appellee needed at least a certificate of occupancy.

Appellee argues that the lower level of his home has never contained "apartments." Rather, he argues, the individuals who occupied the lower level were merely "roomers" or "lodgers" and, since appellee began letting rooms to such individuals in January 1973, before the amendment to the Borough ordinance which eliminated "boarders, roomers or lodgers" from the definition of "family," he should be allowed to continue that use as a nonconforming use. We disagree. The Borough Code defines "apartment" as "[a]ny room or suite of two (2) or more rooms which is occupied as a home for one (1) or more persons and arranged or equipped for cooking meals." It appears from the record that, at least from September 1975, cooking facilities had been installed by appellee and both appellee and the individuals living on the lower level of his home considered the lower level a separate unit to be occupied as a home for those individuals. Thus we must conclude that at least from September 1975 appellee was in violation of appellant's Borough Code.

Appellee argues, nonetheless, that the complaint did not give sufficient and proper notice of the actions with which he was charged. We see no doubt that the charges were properly set forth with citation to the applicable specific section and subsection of the ordinances allegedly violated and facts sufficient to advise appellee of the charges. In addition, we note that appellee is considered to have waived such tech-

nical defects in the complaint not pertaining to the jurisdiction of the district justice of the peace by electing to appeal his conviction to the court of common pleas on the merits. *See Commonwealth v. Conn*, 183 Pa. Superior Ct. 144, 130 A.2d 253 (1957).

Accordingly, we will enter the following

ORDER

Now, May 30, 1978, the order of the Chester County Court of Common Pleas, at No. 637 Miscellaneous Term, 1975, dated May 18, 1976, finding Amrit Lal not guilty of violations of the Code of the Borough of West Chester as set forth in Criminal Complaint B 27234, dated September 30, 1975, is hereby reversed and the matter is remanded for the entering of an appropriate verdict.