100 Pa. Commonwealth Ct. 70 (1986)
513 A.2d 1152
Amrit Lal, Appellant
v.
West Chester Area School District, et al., Appellees.
No. 3216 C.D. 1985.
Commonwealth Court of Pennsylvania.
Submitted on briefs July 8, 1986.
August 20, 1986.
Submitted on briefs July 8, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.
*71 Amrit Lal, appellant, for himself.
Ross A. Unruh, with him, Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, LTD, for appellees.
OPINION BY JUDGE CRAIG, August 20, 1986:
Pursuant to submission on briefs, this court has considered the appeal of Amrit Lal from an order of the Court of Common Pleas of Chester County, dated October 23, 1985, assessing costs against Lal in the amount of $423.50 for record costs and $1885.00 for counsel fees, in compliance with orders of the Supreme Court of Pennsylvania dated October 18, 1984 and January 10, 1985. We affirm.
Lal v. West Chester Area School District, 71 Pa. Commonwealth Ct. 236, 455 A.2d 1240 (1983), reports the origin of this litigation, which began when Lal, on the basis of a claim of lack of notice, declined to pay a late penalty in addition to his payment of school district real estate taxes on a parcel of land for the tax year 1977. Initially, in the Chester County Common Pleas Court, the taxpayer properly pursued exceptions to the assessment of a tax claim against his property for that nonpayment of penalty. However, the course of the litigation became very complicated when the taxpayer expanded the proceeding by raising certain validity questions and joining Commonwealth parties as defendants, as a consequence of which the trial court transferred the case to the original jurisdiction of this court.
After this court dismissed those claims in Lal v. West Chester Area School District, there was no appeal but, beginning in April of 1983, the taxpayer filed a petition to remand with this court. After our denial of that petition, the taxpayer sought reconsideration and petitioned the Supreme Court for an appeal from our *72 order denying it. After the Supreme Court declined to accept the appeal and denied consideration of that rejection, this court rejected the taxpayer's petition for the molding of a verdict. Although this court then declined to impose counsel fees upon the taxpayer, our order warned of the possibility of such a sanction resulting thereafter.
When the taxpayer again went to the Supreme Court from this court's action, that Court, by orders dated October 18, 1984 and January 10, 1985, again declined to allow an appeal but ordered the imposition of costs upon the taxpayer by expressly granting the school district's petition for counsel fees in relation to the proceedings from and after April 21, 1983. The Supreme Court directed the Court of Common Pleas of Chester County to assess the cost amounts.
Accordingly, the Court of Common Pleas of Chester County issued the order from which this appeal has been taken.
The taxpayer first contends that the common pleas court lacked jurisdiction to enter its order concerning costs because the sole adjudication of this case on the merits occurred within the original jurisdiction of this court. However, the Pennsylvania Supreme Court certainly had jurisdiction pursuant to the taxpayer's 1984 appeal petition to it. Within that jurisdiction, the Supreme Court accordingly acted with effect upon the school district's petition for counsel fees, and, by granting it, imposed costs upon the petitioner and selected the Chester County Common Pleas Court as the Supreme Court's instrumentality to determine the amount of costs. Acting on behalf of the Supreme Court, the common pleas court unquestionably had jurisdiction to proceed with the order in question.
The taxpayer secondly contends that the common pleas court has failed to make findings necessary as a *73 basis for the imposition of costs pursuant to 42 Pa. C. S. §2503. However, the Pennsylvania Supreme Court, not the common pleas court, made the decision to impose costs, as underscored by the granting of the petition for counsel fees in the Supreme Court's order of January 10, 1985. Therefore, the common pleas court's function was not to determine liability for costs, but only to arrive at the amount of costs and counsel fees to be assessed.
With respect to the dollar amount assessed, the record discloses that the common pleas court did not abuse its discretion in arriving at the stated amounts following a hearing on the matter. Considering the protracted nature of the proceedings since April of 1983, the common pleas court was correct in determining that $1885 in counsel fees was not unreasonable. The school district was correct in arguing that those proceedings have constituted an unduly prolonged collateral attack on this court's decision in the reported case.
Finally, the taxpayer contends that he did not receive timely notice of that decision of this court. Thus, his claim seems to be that he failed to appeal our decision because of such lack of notice, and his subsequent collateral proceedings were therefore justified. Examination of his pleadings filed after our decision on the case discloses no claim as to lack of notice in 1983. The taxpayer's petition for remand, in April of 1983, contains no mention of any failure on the part of this court's Chief Clerk to give him notice of the decision. Had there been a breakdown in the notice processes of this court at that time, the taxpayer should have then raised the matter and obtained permission to pursue an appeal nunc pro tunc.
Because the objections to the order concerning costs are without merit, the order is affirmed.

*74 ORDER
NOW, August 20, 1986, the order of the Court of Common Pleas of Chester County, dated October 23, 1985, is affirmed.