575 A.2d 121

**NEW YORK GUARDIAN MORTGAGE COMPANY, Appellee,**

v.

**Jerome BROKENBOROUGH and Terry Ann Carroll and Amrit Lal, Intervenor, Appellee.**

**Appeal of Amrit LAL, Intervenor.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1990.

Filed April 24, 1990.

Reargument Denied June 26, 1990.

Amrit Lal, pro se.

Thomas L. Phelan, Philadelphia, for appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

DEL SOLE, Judge:

New York Guardian Mortgage Corporation [New York Guardian], commenced an action in mortgage foreclosure against Jerome Brokenborough and Terri Ann Carroll. A sale of the mortgaged premises was scheduled at first for May 20, 1988 and fully advertised, but the sale was extended until July 15, 1988 by order of the court. On July 15, bidding began on the property with a debt (also called damages) listed in the amount of $70,482.62, but when the bidding reached $73,100.00, on a bid offered by Appellant, Dr. Amrit Lal, the bidder present on behalf of the attorney on the writ, stated that he would withdraw the property on the authority of the attorney on the writ. Dr. Lal, voiced his objections to this procedure and the sheriffs solicitor then stated, "Mr. Lal the attorney on the writ has pulled the sale. It has not been knocked down. The sale is continued to August 19th."

Appellant then filed a Petition to Intervene and Stay Proceedings, and both these requests were granted. Some months later, Dr. Lal filed a petition to confirm the sale to him of the contested property. The Court of Common Pleas of Chester County, ordered the stay lifted, and denied the petition. Dr. Lal filed an appeal from this order which is now before us.

Dr. Lal first claims that the sheriff's sale was illegally stayed by the attorney on the writ because he did not order the stay in writing. He cites Rule 3183(a)(1), Pa.R.C.P; 42 Pa.C.S. which states, "Execution shall be stayed as to all or

any part of the property of the defendant upon written direction of the plaintiff to the sheriff."

The sheriff's affidavit reveals that he was contacted by the attorney on the writ who stated that his client would lose a substantial amount of money in the event of a third party purchase, and that he wished to stay the sale in the event of bidding in order to reassess damages. In fact, the record of the sheriff's sale shows that this is exactly what happened. Before the hammer fell at the auction of this property, signifying that the sale was completed, the representative of the plaintiff, New York Guardian, withdrew the property from sale.

Although, we have found no case law in Pennsylvania construing Rule 3183 and the writing requirement for withdrawal of properties from a sheriff's sale, we find that the transcribed record satisfies this requirement. We believe that a writing is required so that there is documentary evidence that it was the plaintiff who withdrew the property from sale. The plaintiff need not give any reasons for withdrawing the property and staying the sale, while any other party in interest must have legal or equitable grounds, or good cause for staying the execution on the property. *See,* Rule 3132 and Rule 3183, Pa.R.C.P.; 42 Pa.C.S.

Since no reasons need be given for a plaintiff's attorney on the writ to withdraw a property from sale, the potential for abuse is great. A party could claim that the sale must be stayed on the authority of the attorney on the writ, and unless there was some documentation requirement this claim would have to be honored. Moreover, any court reviewing this claim would be hard put to prove whether there was or was not authorization. Hence, the need for a writing.

Here, the record made at the sheriff's sale clearly reveals that the property was withdrawn at the request of the plaintiff's attorney in order to recalculate damages, and

therefore we find that this record satisfies the writing requirement mandated by Rule 3183.

██ Next, Appellant claims that his bid, the highest bid before the sale was stayed, created a binding contract for the property because it was more than the advertised price. We disagree.

The accepted view in Pennsylvania of a sale by auction is that the bargain is incomplete, and there has been no acceptance of the offer until the hammer falls. Therefore, until that time, the bidder may retract a bid, and the auctioneer may withdraw the property, unless the auction is without reserve. *Pennsylvania Co., etc. v. Broad Street Hospital*, 354 Pa. 123, 47 A.2d 281 (1946), *citing*, Williston, *Contracts*, § 29, vol. 1, p. 68.

Here, the auction was not "without reserve" and therefore, the auctioneer could withdraw the real property until it was "knocked down". The record shows that the property had not been knocked down at the time the attorney on the writ requested the withdrawal of the property from sale. Therefore, Mr. Lal's bid did not create a binding contract or bargain.

Finally, we decline to dismiss the case, as urged by New York Guardian, for appellant's failure to post bond since we have decided the issues on the merits. Therefore, we affirm the trial court's order lifting the stay on the sale of the premises, and denying Appellant's petition to confirm the sale to him. Jurisdiction relinquished.