**Amrit LAL, Appellant,**

v.

**BOROUGH OF KENNETT SQUARE, Marita Hutchinson, Esquire, and Gawthrop, Greenwood & Halsted, P.C.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 2001.

Decided Nov. 8, 2001.

Reconsideration En Banc Denied Jan. 14, 2002.

Amrit Lal, appellant, pro se.

Hugh J. Hutchinson, Philadelphia, for appellee, Kenneth Square.

James W. Christier, Philadelphia, for appellee, Marita Hutchinson.

Before SMITH, Judge, KELLEY, Judge, JIULIANTE, Senior Judge.

SMITH, Judge.

Before this Court is yet another appeal by Amrit Lal concerning the apartment complex known as Scarlett Manor Apartments (Scarlett Manor). Lal appeals from

three orders of the Court of Common Pleas of Chester County that granted the motion for summary judgment of Gawthrop, Greenwood and Halsted, P.C. (Gawthrop), granted the motion for summary judgment of Maria Hutchinson and sustained the preliminary objections of the Borough of Kennett Square (Borough) to the tort claims filed by Lal. Lal contends that the trial court erred in granting the motions for summary judgment because outstanding legal and factual issues existed in the case and because he was not given a chance to conduct discovery. Lal contends that the trial court erred in sustaining the preliminary objections in the nature of a demurrer because he set forth a cause of action upon which relief might be granted. Finally, Lal contends that the Honorable Thomas G. Gavin ought to have recused himself from the matter.

This appeal represents the continuation of approximately a decade of litigation by Lal involving Scarlett Manor, first to avoid compliance with the Maintenance Building Code of Kennett Square (Code) and then to avoid the consequences of his noncompliance. Lal purchased Scarlett Manor in March 1988, at which time the buildings were apparently in a good state of repair and free of any Code violations. Throughout Lal's ownership of Scarlett Manor he received hundreds of citations for Code violations, resulting in a multiplicity of litigation. In December 1993 the trial court appointed Hutchinson as an agent for Lal to manage Scarlett Manor in order to bring it into compliance with the Code. On April 3, 1997, Lal conveyed all of his interest in Scarlett Manor to his son, A. Roby Lal; however, the trial court's order appointing Hutchinson remained in effect. On November 28, 1997, A. Roby Lal transferred his interest in Scarlett Manor to Richard and Donna Everts pursuant to a court-approved stipulation between Lal, A. Roby Lal, the Borough, Hutchinson and the Everts allowing transfer of the property free of the encumbrances and restrictions of the appointment order.

Lal initiated the instant case by filing a writ of summons on November 30, 1999 followed by a complaint on February 28, 2000, asserting tort claims to recover losses for Appellees' alleged mismanagement of Scarlett Manor while the appointment order was in effect. On June 19, 2000, the trial court granted Gawthrop's motion for summary judgment and dismissed the action as to that party. On December 19, 2000, the trial court granted the Borough's preliminary objections and dismissed all claims against the Borough with prejudice. On the same day, the trial court granted Hutchinson's motion for summary judgment and ordered all claims against her be stricken with prejudice. On January 11, 2001, the trial court denied Lal's motion for reconsideration of the two orders of December 19, 2000. The trial court explained in a footnote:

> [Lal's] claims are barred by the doctrines of res judicata and collateral estoppel because all of the claims have either been raised or could have been raised in prior litigation. Furthermore, as [Lal] was not a successful party in either prior contempt action, he cannot recover for wrongful use of civil proceedings under 42 Pa.C.S.A. § 8351. With regard to the Order sustaining Defendant Borough of Kennett Square's Preliminary Objections, none of the exceptions to immunity set forth in 42 Pa.C.S.A. § 8542 pertain to conduct involving the operation or management of real estate owned by another.

(Citations omitted.)

Each of the underlying claims raised by Lal in his complaint has been addressed ad nauseam in the course of the litigation surrounding Lal's ownership of Scarlett

Manor, and Lal has been repeatedly informed by all courts involved that his claims are frivolous. The multiple sanctions imposed by the courts, however, have failed to deter Lal from continuing to press his vexatious litigation. In *Borough of Kennett Square v. Lal,* 164 Pa.Cmwlth. 654, 643 A.2d 1172 (1994) (*Lal 1* ), this Court affirmed the trial court's judgment of sentence against Lal for eleven counts of violating the Code in connection with Scarlett Manor. The Court also affirmed the denial of a motion by Lal for the recusal of Judge Gavin, explaining that Lal failed to present any evidence tending to show bias, prejudice or unfairness on the part of the trial court.

In *Borough of Kennett Square v. Lal,* 165 Pa.Cmwlth. 573, 645 A.2d 474 (1994) (*Lal 2* ), the Court affirmed the order of the trial court, sitting in equity, to appoint Hutchinson as an agent for Lal to bring Scarlett Manor into compliance with the Code. The Court held that the hundreds of citations received by Lal for violation of the Code had been inadequate to ensure their enforcement and that equitable relief in the form of an agent to manage the apartments was necessary in order to safeguard the health and welfare of the tenants of Scarlett Manor. The Court again affirmed the trial court's denial of a motion for the recusal of Judge Gavin. Furthermore, the Court *sua sponte* awarded reasonable counsel fees to the Borough due to the repetitious and frivolous nature of the appeal, noting that Lal had clearly abused the legal process.

In *Borough of Kennett Square v. Lal,* 665 A.2d 15 (Pa.Cmwlth.1995) (*Lal 3* ), the Court affirmed the judgment of sentence entered by the trial court against Lal after finding him guilty on 24 citations for violating the Code in connection with Scarlett Manor. The Court again *sua sponte* awarded reasonable counsel fees to the Borough, finding Lal's appeal wholly frivolous and concluding that such a sanction was necessary to uphold the integrity of the judicial process. The Court noted that Lal had failed to heed the Court's earlier admonitions and its efforts to end his abuses of the judicial process through the repeated filings of frivolous appeals.

In *Lal v. Borough of Kennett Square,* 935 F.Supp. 570 (E.D.Pa.1996) (*Lal 4* ), the United States District Court for the Eastern District of Pennsylvania dismissed Lal's complaint against the Borough, Judge Gavin, Hutchinson, State Representative Joseph Pitts and various Borough officials, arising from Lal's failure to comply with the Code during his ownership of Scarlett Manor. The District Court imposed heavy sanctions on Lal, finding that his claims were not warranted by existing law or by any non-frivolous argument for its extension, modification or reversal, that Lal filed the lawsuit to harass the defendants and that the lawsuit was part of a pattern of abusive conduct by Lal. The District Court noted that Lal is no ordinary pro se litigant, claiming to possess a law degree and a Ph.D., and that he has filed countless actions over an approximate 18–year period beginning in 1978. *See Borough of West Chester v. Lal,* 35 Pa. Cmwlth. 620, 387 A.2d 929 (1978).

The Court will not condone Lal's abuse of the judicial process by again addressing the merits of his frivolous claims. The trial court's orders are affirmed in all respects. Furthermore, this matter is *sua sponte* remanded to the trial court pursuant to Pa. R.A.P. 2744 to impose upon Lal the sanction of reasonable counsel fees incurred by Appellees. *Lal 2; Lal 3.* The trial court is authorized to impose against Lal any costs and other damages allowed by acts of the general assembly and/or the Pennsylvania rules of court designed to deter egregious conduct and abuses of the

judicial process. In addition, the Court will entertain no further appeals or other actions from Lal in matters previously decided on the merits by this Court, and in the future the Court will dismiss administratively any such filings of record.

### ORDER

AND NOW, this 8th day of November, 2001, the orders of the Court of Common Pleas of Chester County are affirmed. This case is remanded to the Court of Common Pleas for the imposition of costs, counsel fees and damages consistent with the foregoing opinion. Jurisdiction is relinquished.