BLD-170                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2990
_____

CAROLE L. SCHEIB,
                                          Appellant

v.

COMMONWEALTH OF PA; ALLEGHENY COUNTY;
JUDITH FRIEDMAN, Common Pleas Court Judge
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-00008)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: April 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Carole L. Scheib, proceeding pro se, appeals from the District Court's orders

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissing her complaint. Appellees Allegheny County and Judge Judith Friedman have moved for summary affirmance. Because we conclude that this appeal presents no substantial question, we will grant the motions and summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

In 1978, Scheib and her husband entered into a mortgage agreement with Mellon Bank for a residence located in Allegheny County, Pennsylvania. Approximately twenty years later, in 1998, Mellon Bank commenced foreclosure proceedings against the homeowners in the Court of Common Pleas of Allegheny County, and ultimately obtained a default judgment. Mellon Bank subsequently purchased the property at a Sheriff's sale and evicted them. It appears that since 1999, Scheib has filed a number of unsuccessful lawsuits in state and federal court attempting to collaterally challenge the foreclosure and eviction proceedings. (Mem. Op., 6/13/2007, W.D. Pa. No. 07-cv-00018, ECF No. 24-3).

In January 2014, Scheib commenced the present action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania once again challenging the validity of the foreclosure and eviction. In the complaint, Scheib asserts various allegations of fraud and constitutional violations, and names as defendants Judge Judith Friedman, the Court of Common Pleas judge who presided over certain of Scheib's collateral challenges to the underlying proceedings; Allegheny County; and the Commonwealth of Pennsylvania. Each of the defendants moved to dismiss the complaint

2

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By orders entered April 4, 2014, and May 12, 2014, the District Court granted the motions and dismissed all of Scheib's claims on the grounds that, inter alia, the defendants were entitled to judicial and Eleventh Amendment immunity. Scheib now appeals from the District Court's orders.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's orders. See Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). When reviewing an order dismissing for failure to state a claim under Rule 12(b)(6), we "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." Fellner v. Tri–Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Upon review, we agree with the District Court that Scheib has failed to state a plausible claim against any of the defendants. First, we agree with the District Court that Scheib's claims against Judge Friedman are barred by the doctrine of absolute judicial immunity. It is well established that judges are immune from suit under § 1983 for

3

actions arising from their judicial acts. Gallas v. Supreme Court, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Given that Scheib complains of actions that Judge Friedman took in the course of the foreclosure proceeding, Judge Friedman is protected by absolute immunity. Notably, although Scheib asserts that Judge Friedman had "no jurisdiction" to rule against her, Scheib did not set forth any facts whatsoever suggesting that Judge Friedman acted in an absence of jurisdiction. See e.g., Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000) (explaining that, generally, "where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") (citation and quotation omitted). Therefore, the District Court correctly concluded that the complaint failed to state a claim against Judge Friedman.

The District Court also correctly concluded that the complaint failed to state a claim against the Commonwealth. "The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state." Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238 (3d Cir. 2005). While a state may waive its Eleventh Amendment immunity, see Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002), Pennsylvania has not done so, see 42 Pa. Cons. Stat. § 8521(b); Lavia v. Pa. Dep't of

4

Corr., 224 F.3d 190, 195 (3d Cir. 2000). Moreover, although Congress has the authority to abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Scheib proceeds. See Quern v. Jordan, 440 U.S. 332, 345 (1979). Therefore, we agree with the District Court that Scheib cannot proceed against the Commonwealth here.

We likewise agree with the District Court that Scheib cannot proceed against Allegheny County. It appears that Scheib named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth— not County—entity. See 42 Pa. Cons. Stat. § 102. Therefore, Scheib's claims against the Court of Common Pleas are, for the reasons previously noted, barred by the Eleventh Amendment. See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (holding that Pennsylvania's judicial districts are entitled to Eleventh Amendment immunity). Furthermore, to the extent that Scheib may have some other basis for naming the County as a defendant, a municipality such as Allegheny County can be liable under § 1983 only when its policy or custom causes a constitutional violation, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), and Scheib has failed to allege that any County policy or custom violated any of her constitutional rights.

Lastly, we conclude that the District Court acted within its discretion in denying Scheib leave to amend her complaint. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008) (noting that we review the denial of leave to amend for abuse

5

of discretion).  Scheib moved the District Court for permission to add as defendants the office of the federal Comptroller of the Currency as well as AP Realty, LLC, which she claims is an entity of Mellon Bank's predecessor.  As the District Court explained, however, Scheib failed to set forth any facts plausibly demonstrating that these entities denied her of a constitutional or federal right.  Therefore, we cannot conclude that the District Court abused its discretion in denying her leave to amend her complaint in order to add these defendants.  Nor can we conclude that the District Court should have given Scheib an opportunity to amend the complaint to better support her other claims; as the District Court explained, such amendment would be futile.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (explaining that a district court need not permit a curative amendment if such amendment would be futile). [1]

## III.

For these reasons, we conclude that there is no substantial question presented by this appeal.  Accordingly, we grant the motions of Appellees Allegheny County and

---

[1] On appeal, Scheib objects to the District Court's determination that the supplemental exhibits she offered did not provide any additional support for her claims.  Scheib does not, however, explain how these documents supported the claims set forth in her complaint.  Therefore, we discern no error in the District Court's determination.

Judge Judith Friedman, and will summarily affirm the District Court's orders dismissing

Scheib's complaint.[2]  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] Scheib moves for a default judgment against Allegheny County on the ground that it did not submit its brief within the requisite period.  This motion is denied.  The Court notes that the County, after moving for summary affirmance, filed a motion for an extension of time to file its brief, which this Court construed as a motion to stay the briefing schedule pending disposition of the motions for summary affirmance, and granted.