# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Carole L. Scheib, | | : | |
| | Petitioner | : | |
| | | : | |
| | v. | : | No. 336 M.D. 2022 |
| | | : | SUBMITTED: October 10, 2023 |
| Judith Friedman, | | : | |
| | Respondent | : | |

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                                          **FILED: November 2, 2023**

Before this Court for disposition in our original jurisdiction are the preliminary objections filed by Respondent, the Honorable Judith Friedman, to the petition for review filed by Petitioner, Carole L. Scheib, acting *pro se*. In addition, we consider Petitioner's motion to add a co-respondent, motion for leave of court to file addendum, motion for summary judgment, motion to charge sanctions, application for relief/alternative motion for partial summary judgment, and application for relief/and correction as to dates within the reply of Respondent and to assist the court. This case arises from a 1998 mortgage foreclosure and related civil proceedings in the Court of Common Pleas of Allegheny County, which involved now-retired Judge Friedman as the sitting judge.

For the reasons that follow, we sustain Respondent's preliminary objections and dismiss Petitioner's petition for review *with prejudice*. To that end, to the extent that any of Petitioner's remaining motions and applications can be construed as requests to amend her petition for review, we deny any such request

because amendment would not cure the defects raised in the preliminary objections. *Roach v. Port Auth. of Allegheny Cnty.*, 550 A.2d 1346, 1347-48 (Pa. Super. 1988) ("Leave to amend will be withheld where the initial pleadings reveal that the *prima facie* elements of the claim cannot be established and that the complaint's defects are so substantial that amendment is not likely to cure them."). Otherwise, all of Petitioner's remaining outstanding motions and applications are dismissed as moot. In addition, we issue a filing injunction thereby prohibiting Petitioner from filing any further actions involving the property at 54 Lawson Street, Pittsburgh, Pennsylvania, without prior permission of this Court.

The relevant background, which cannot be gleaned from the petition for review, is from the opinions appended to the preliminary objections.[1] In 1978,

---

[1] Respondent appended pertinent opinions to the preliminary objections, none of which were published decisions. We have listed the opinions below and included their histories.

*Exhibit A: *Scheib v. Rozberil* (C.C.P. Allegheny Cnty., No. GD-16-003162, filed July 21, 2017), *appeal dismissed*, 183 A.3d 1056 (Pa. Super., No. 493 WDA 2017, filed Jan. 12, 2018), *appeal denied*, 197 A.3d 229 (Pa., No. 169 WAL 2018, filed Nov. 16, 2018), *cert. denied*, ___ U.S. ___, 140 S. Ct. 286 (U.S., No. 18-9287, filed Oct. 7, 2019);

*Exhibit B: *Scheib v. Keystone Residential Props., LLC* (C.C.P. Allegheny Cnty., No. GD-11-18030, filed Jan. 3, 2012), *appeal dismissed*, 62 A.3d 449 (Pa. Super., No. 634 WDA 2012, filed Oct. 3, 2012), *appeal denied*, 66 A.3d 762 (Pa., No. 553 WAL 2012, filed May 8, 2013), *cert. denied*, 571 U.S. 1165 (U.S., No. 13-7845, filed Jan. 21, 2014);

*Exhibit C: *Scheib v. Pennsylvania*, 612 F. App'x 56 (3d Cir., No. 14-2990, filed Apr. 27, 2015);

*Exhibit D: *Scheib v. Rozberil*, 183 A.3d 1056 (Pa. Super., No. 493 WDA 2017, filed Jan. 12, 2018) [*See* Exhibit A for full history];

*Exhibit E: *Scheib v. Port Auth. Transit Co.*, 852 A.2d 1263 (Pa. Super., No. 1454 WDA 2003, filed Apr. 16, 2004) [This case affirmed the trial court's decision in *Scheib v. Port Auth. Transit Co.* (C.C.P. Allegheny Cnty., No. GD-00-15770, filed July 7, 2003)];

*Exhibit F: *Scheib v. The Bank of NY Mellon, N.A.*, 253 A.3d 270 (Pa. Super., No. 952 WDA 2020, filed Apr. 9, 2021) [This case dismissed Petitioner's appeal in *Scheib v. The Bank of NY Mellon, N.A.* (C.C.P. Allegheny Cnty., No. GD-20-001980, filed Aug. 11, 2020)].

Petitioner and her husband entered into a mortgage agreement with Mellon Bank. In 1998, Mellon started foreclosure proceedings and ultimately obtained a default judgment. From 1999 to the present, Petitioner has been filing unsuccessful lawsuits in state and federal court attempting to collaterally challenge the foreclosure and eviction proceedings. These lawsuits include actions against various persons who acquired the real estate that she and her husband used to own. The trial court, with the Superior Court's subsequent approval, barred Petitioner from filing any further actions by directing the Department of Court Records, Civil Division, not to accept anything from Petitioner involving 54 Lawson Street without prior court permission. *Scheib v. Keystone Residential Props., LLC* (C.C.P. Allegheny Cnty., No. GD-11-18030, filed Jan. 3, 2012), *appeal dismissed*, 62 A.3d 449 (Pa. Super., No. 634 WDA 2012, filed Oct. 3, 2012), *appeal denied*, 66 A.3d 762 (Pa., No. 553 WAL 2012, filed May 8, 2013), *cert. denied*, 571 U.S. 1165 (U.S., No. 13-7845, filed Jan. 21, 2014). Respondent noted that the Department unfortunately allowed one action to be filed, resulting in Petitioner's appeal from an order dismissing an action in *Scheib v. Rozberil* (C.C.P. Allegheny Cnty., No. GD-16-003162, filed July 21, 2017), *appeal dismissed*, 183 A.3d 1056 (Pa. Super., No. 493 WDA 2017, filed Jan. 12, 2018), *appeal denied*, 197 A.3d 229 (Pa., No. 169 WAL 2018, filed Nov. 16, 2018), *cert. denied*, ___ U.S. ___, 140 S. Ct. 286 (U.S., No. 18-9287, filed Oct. 7, 2019).[2]

In June 2022, Petitioner filed the instant petition for review against Respondent as a natural person, characterizing it as a private, civil action involving allegations of actions committed outside of her judicial capacity. Even though the

---

[2] In denying *certiorari*, the United States Supreme Court stated: "As *petitioner has repeatedly abused this Court's process*, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required . . . is paid[.]" *Scheib*, ___ U.S. ___, 140 S. Ct. 286 (emphasis added).

petition solely names Respondent, Petitioner also references several other judges, attorneys, and apparent adversaries from prior civil litigation. Petitioner asserts two counts: Claim I-Libel and Defamation and Claim II-Misfeasance.[3] Both of the counts arise from Respondent's rulings on the mortgage foreclosure action. Petitioner requests monetary damages against Respondent as well as relief from all prior orders and immediate possession of the homestead. In other words, she requests that this Court vacate, open, or otherwise void closed civil matters ranging from 1997 to 2016.

In July 2022, Respondent filed the preliminary objections at issue alleging that Petitioner's claims are barred by res judicata, collateral estoppel, the doctrine of absolute judicial immunity, sovereign immunity, and the applicable statute of limitations.[4] The following standards apply when considering preliminary objections:

> [T]he court must accept as true all well-pled allegations of material fact as well as all inferences reasonably deducible therefrom. However, the court need not accept conclusions of law or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will not permit recovery, and any doubt must be resolved in favor of the non-moving party.

*Commonwealth v. Richmond Twp.*, 917 A.2d 397, 400 n.6 (Pa. Cmwlth. 2007).

We turn first to the doctrines of preclusion—res judicata and collateral estoppel, which clearly apply here. They provide: "[R]es judicata provides that

---

[3] Petitioner references the trial court's opinion attached as Exhibit A wherein the court suggests that Petitioner may no longer be rational and refuses to accept the concept of finality.

[4] In an application to compel, Petitioner also asserted that Respondent failed to properly serve her with the preliminary objections. However, Respondent subsequently served Petitioner pursuant to this Court's August 4, 2022 order.

4

where a final judgment on the merits exists, a future lawsuit on the same cause of action is precluded. Collateral estoppel acts to foreclose litigation in a subsequent action where issues of law or fact were actually litigated and necessary to a previous final judgment." *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) (citations omitted). As the Superior Court observed, Petitioner's interest in 54 Lawson Street is barred by res judicata. *Scheib v. Rozberil*, 183 A.3d 1056 (Pa. Super., No. 493 WDA 2017, filed Jan. 12, 2018). The couple previously owned the property, lost it in a 1998 foreclosure action brought by Mellon Bank, and no appeal was taken. *Id*., slip op. at 2. The Court characterized the repetitive attempts to litigate and relitigate the question of whether she or they owned the property as collateral attacks on the validity of the foreclosure actions. *Id*.

In addition, the doctrine of absolute judicial immunity applies to Respondent. "[J]udicial immunity requires a two-part analysis: first, whether the judge has performed a judicial act; and second, whether the judge has some jurisdiction over the subject matter before [her]." *Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020), *appeal denied*, 253 A.3d 679 (Pa. 2021) (citation omitted). "Judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over subject matter and person." *Id*. (citations omitted). "That Judges' issuance of the Judicial Opinion constitutes a 'judicial act' is beyond peradventure." *Id*. at 82. Where, as here, Respondent acted within the jurisdiction of the court over which she presided, she had judicial immunity from both damages and from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).[5]

---

[5] We need not reach the issue of sovereign immunity. *But see Russo v. Allegheny Cnty.*, 125 A.3d 113, 118 (Pa. Cmwlth. 2015), *aff'd*, 150 A.2d 16 (Pa. 2016) (courts of the unified judicial **(Footnote continued on next page…)**

Furthermore, it is clear that any potentially applicable statute of limitations period has expired. Petitioner's allegations are based on civil proceedings and various opinions and orders that occurred anywhere from 1997 to 2017. *See* Section 5523(1) of the Judicial Code, 42 Pa.C.S. § 5523(1) (one-year limitation for libel or slander) and Section 5524 of the Judicial Code, 42 Pa.C.S. § 5524 (two-year statute of limitation for civil rights violations).

Accordingly, we sustain Respondent's preliminary objections, dismiss the petition for review with prejudice, and dismiss the remaining motions and applications as moot. As noted, Petitioner's motion to add another respondent, the person appearing to be the current owner of her former homestead, is included in our global dismissal order. Previously, Petitioner filed an ejectment and quiet title action in the trial court against the current owner, who bought the property in 2016, but the trial court dismissed the case and the appellate courts agreed with that dismissal. *Scheib v. Rozberil* (C.C.P. Allegheny Cnty., No. GD-16-003162, filed July 21, 2017), *appeal dismissed*, 183 A.3d 1056 (Pa Super., No. 493 WDA 2017, filed Jan. 12, 2018), *appeal denied*, 197 A.3d 229 (Pa., No. 169 WAL 2018, filed Nov. 16, 2018), *cert. denied*, ___ U.S. ___, 140 S. Ct. 286 (U.S., No. 18-9287, filed Oct. 7, 2019).

Moreover, where, as here, there is a pattern of groundless and vexatious litigation, a filing injunction is warranted to prohibit further filings without permission of court. *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). Consequently, we issue a filing injunction against Petitioner with respect to any further actions involving the property at 54 Lawson Street, Pittsburgh,

---

system are not "commonwealth parties" within the Sovereign Immunity Act (42 Pa.C.S. §§ 8521-8528) and sovereign immunity has not been waived for the courts).

Pennsylvania, without prior leave of this Court.[6] *See Coulter v. Lindsay*, 159 A.3d 947, 954 (Pa. Super. 2017) (where *pro se* appellant had repeatedly filed frivolous appeals and lawsuits related to her criminal and parental rights termination matters, all of which were resolved against her, court imposed attorney's fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa. R.A.P. 2744, and issued a filing injunction); *Lal v. Borough of Kennett Square*, 786 A.2d 1019, 1020 (Pa. Cmwlth. 2001) (where an apartment building owner had engaged in a decade of unsuccessful litigation, his claims had been addressed ad nauseam during the course of that litigation, and courts had repeatedly informed him that his claims were frivolous, court held that it would not entertain further appeals or other actions from him in matters previously decided on the merits and would dismiss administratively such filings of record); *Menna v. St. Agnes Med. Ctr.*, 690 A.2d 299, 304-06 (Pa. Super. 1997) (where a party relitigates an issue and engages in vexatious, frivolous, and obstreperous litigation conduct, courts have power to enjoin or limit the litigant from filing further lawsuits on the same issue).

---

[6] The trial court's filing injunction barring Petitioner from filing any further actions involving 54 Lawson Street, Pittsburgh, Pennsylvania, without prior permission from the trial court, remains in effect. To reiterate, the trial court directed the Department of Court Records, Civil Division, not to accept anything from Petitioner pertaining to the aforementioned premises without prior permission from the trial court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carole L. Scheib,                                    :
               Petitioner          :
                             :
           v.                                    :     No. 336 M.D. 2022
                             :
Judith Friedman,                                   :
               Respondent        :

**PER CURIAM**                   **O R D E R**

AND NOW, this 2nd day of November, 2023, the preliminary objections filed by Respondent, the Honorable Judith Friedman, are SUSTAINED, and the petition for review filed by Petitioner, Carole L. Scheib, is hereby DISMISSED, *with prejudice*.

Further, Petitioner's motion to add a co-respondent, motion for leave of court to file addendum, motion for summary judgment, motion to charge sanctions, application for relief/alternative motion for partial summary judgment, and application for relief/and correction as to dates within the reply of Respondent and to assist the court are hereby DISMISSED as moot.

Finally, we hereby issue a FILING INJUNCTION prohibiting Petitioner from filing any further actions in this Court involving the property at 54 Lawson Street, Pittsburgh, Pennsylvania, without prior leave of this Court.