643 A.2d 1172

**BOROUGH OF KENNETT SQUARE**

v.

**Amrit LAL, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided June 8, 1994.

Reargument Denied July 22, 1994.

Thomas R. Kellogg, for appellant.

John L. Hall, for appellee.

Before McGINLEY and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Amrit Lal appeals from the judgment of sentence imposed by the Court of Common Pleas of Chester County after the court found Lal guilty of violating various provisions of the Borough of Kennett Square's Property Maintenance Code (Code). The issues raised on appeal are whether the trial court abused its discretion in denying a recusal motion, in

imposing sentence, and in failing to rule that the Borough did not apply the Code to Lal in an evenhanded, nondiscriminatory manner. Additional issues presented include whether Lal was denied effective assistance of counsel; whether the Code has any reasonable relation to the health, safety, morals or general welfare of the community; and whether the conditions underlying the prosecution were caused by the Borough's own inaction.

Lal owns the Scarlett Manor apartment complex in the Borough of Kennett Square. The Borough's code enforcement officer inspected the complex on numerous occasions and, finding conditions that were not in compliance with the Code, sent notice of violation letters to Lal detailing the problems and informing him of the deadlines for correcting the violations. Because of the enormity of repairs required, the Borough gave Lal the opportunity to submit a schedule for completion of the repairs. The Borough accepted Lal's proposed schedule and notified Lal when it would reinspect the complex. The Borough reinspected the complex several months later, found various violations remaining, and cited Lal for those violations. A district justice found Lal guilty of the violations and Lal appealed the convictions to the trial court.

At the de novo hearing, the trial court denied Lal's recusal motion and convicted him on eleven of thirteen counts of violating the Code.[1] The court found that the Borough gave Lal more than sufficient opportunity to resolve the problems and that he failed to correct some of the violations. Further, the court found that Lal exhibited a pattern of avoiding compliance with the Code and disagreed with Lal's assertion that other parties, namely the tenants, the contractors, and the Borough, were to blame for the delays and noncompliance. After denying a second recusal motion, the trial court sentenced Lal and ordered him to pay fines ranging from $300 to

---

1. The citations were assigned the following Chester County Court of Common Pleas case numbers: 4293–92, 4294–92, 4295–92, 4296–92, 4298–92, 4300–92, 4301–92, 4302–92, 4303–92, 4304–92, and 4305–92.

$1000 for the violations.[2] Lal filed a motion for reconsideration of sentence which the trial court denied, and appealed to this Court.[3]

Lal first argues that the trial judge should have recused himself prior to trial and again at sentencing. The law in this Commonwealth is well settled: trial judges are presumed to be fair, and a party who asserts that a judge must be disqualified has the burden to produce evidence that tends to show bias, prejudice, or unfairness. After consideration of the evidence, the judge must decide whether he or she can hear and dispose of the case fairly and without prejudice. *Reilly v. Southeastern Pennsylvania Transp. Auth.*, 507 Pa. 204, 489 A.2d 1291 (1985). This Court's scope of review of a trial court's decision to deny a recusal motion is limited to determining whether the trial court abused its discretion in denying the motion. *In re Blystone*, 144 Pa.Commonwealth Ct. 27, 600 A.2d 672 (1991), *appeal denied*, 534 Pa. 641, 626 A.2d 1159 (1993).

Lal asserts the judge's decision to find him guilty of violating the Code was biased by an ex parte communication he received and considered from the Borough's counsel prior to trial. An ex parte communication occurs when information is exchanged between a judge and one of the parties to a pending proceeding without notice to an adverse party. Black's Law Dictionary 517 (5th ed. 1979). The communications Lal complains of were a series of letters to his attorney from the Borough's counsel, copies of which were sent to the trial judge, simply confirming the parties' understanding of negotiations as outlined by the trial judge at a settlement conference attended by all parties. As such communications

---

2. The trial court fined Lal $300 on 4293–92, $300 on 4294–92, $350 on 4295–92, $350 on 4296–92, $400 on 4298–92, $500 on 4300–92, $600 on 4301–92, $700 on 4202–92; $800 on 4303–92, $900 on 4304–92, and $1000 on 4305–92.

3. This Court has jurisdiction pursuant to 42 Pa.C.S. § 762(a)(4), which mandates that this Court hear appeals of criminal convictions where conduct is made a crime by a local ordinance.

were clearly not ex parte, the trial judge did not abuse his discretion in refusing Lal's motion for recusal.

■ Lal also contends that the court erred by denying his second motion for recusal made prior to sentencing because the court demonstrated obvious bias against Lal, as evidenced by the judge's remarks throughout the trial and at the sentencing hearing. Lal points to comments made by the trial judge concerning his knowledge of Lal's previous court history with similar cases concerning Code violations.

Prior to trial and to sentencing, the judge, referring to the mandates set forth in *Reilly,* stated repeatedly and unequivocally that Lal would receive a fair trial and that he felt no animosity toward Lal. Further, when read in the context of the entire sentencing proceeding, the judge's references to Lal's prior cases clearly indicate that the he was simply explaining the basis for the sentence he was about to impose. The judge specifically outlined the reasons for his findings on each count and indicated he considered the testimony and facts with respect to each violation separately. Additionally, the trial court acquitted Lal of two of the alleged violations, which indicates that its verdict was based on the facts presented at trial and not on a preconceived bias against Lal. As Lal failed to present any evidence tending to show bias, prejudice, or unfairness, the trial judge did not abuse his discretion by refusing to recuse himself from either the trial or sentencing proceedings.

■ Lal further argues that the trial court erred because it considered impermissible factors in imposing his sentence. Initially it is noted that sentencing is within the sound discretion of the trial judge and absent an abuse of discretion this Court will not disturb a sentence imposed by the trial court. *Commonwealth v. Dutter,* 420 Pa.Superior Ct. 565, 617 A.2d 330 (1992).

■■ In formulating a sentence, the trial court should weigh all mitigating and aggravating factors and arrive at an appropriate sentence that is consistent with the protection of the public and the gravity of the offense. *Commonwealth v.*

*Cottam,* 420 Pa.Superior Ct. 311, 616 A.2d 988 (1992), *appeal denied,* 535 Pa. 673, 636 A.2d 632 (1993). Considerations should include the history and character of the defendant, the nature and circumstances of the crime, *Cottam; Commonwealth v. Didyoung,* 369 Pa.Superior Ct. 346, 535 A.2d 192 (1988); and the defendant's attitude, including a lack of contrition for his criminal conduct. *Commonwealth v. Gallagher,* 296 Pa.Superior Ct. 382, 442 A.2d 820 (1982), *appeal denied* (filed June 30, 1982). Finally, if a sentence imposed is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Martin,* 328 Pa.Superior Ct. 498, 477 A.2d 555 (1984).

■ Lal contends that the trial court developed an opinion of him independent of the proceedings and impermissibly considered that opinion in fashioning his sentence. However, the trial court specifically stated that the sentence of incremental fines was a reflection of Lal's pattern of avoiding compliance with the Borough Code, his refusal to cooperate with the Borough, and his apparent lack of remorse as evidenced by his pattern of blaming others for causing his situation. Clearly the trial judge's reasons for Lal's sentence were fully supported by the record and the sentence he imposed was not an abuse of discretion.

With respect to Lal's claim of ineffective assistance of counsel, the rule that a criminal defendant is entitled to effective assistance of counsel derives from the guaranteed right to the assistance of counsel provided for in the United States and Pennsylvania constitutions. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). In *Bacik v. Commonwealth,* 61 Pa.Commonwealth Ct. 552, 434 A.2d 860 (1981), *appeal dismissed,* 456 U.S. 967, 102 S.Ct. 2227, 72 L.Ed.2d 841 (1982), this Court rejected an appellant's claim that he was denied assistance of counsel after he represented himself and was subsequently convicted of violating a township ordinance, ruling that an individual's right to counsel applies only to defendants who, upon conviction, could face a term of imprisonment.

As the guaranteed protections of the state and federal constitutions with respect to representation of counsel apply only to situations where the possibility of imprisonment exists, a court may consider a defendant's claim that he was denied effective representation only when the defendant's conviction leads to the possibility of incarceration. *See also Commonwealth v. Thomas,* 510 Pa. 106, 507 A.2d 57 (1986) (summary offenses which do not involve the likelihood of imprisonment do not create a right to counsel under federal or state constitutions or state law). Pursuant to Sections 3301 and 3308 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 48301, 48308, respectively, a violation of a borough ordinance is a summary offense, punishable only by fine.[4] As there was no chance that Lal would be imprisoned, this Court need not address further Lal's claim that he was denied effective assistance of counsel.

Lal also argues that the trial court erred when it failed to rule that the Borough did not apply the Code to him in an evenhanded, nondiscriminatory manner. While the burden of proof was on Lal to demonstrate that the Borough enforced the Code discriminately, *see Tredyffrin–Easttown Sch. Dist. v. Valley Forge Music Fair, Inc.,* 156 Pa.Commonwealth Ct. 178, 627 A.2d 814 (1993), he presented no evidence whatsoever to support his argument. On the contrary, the trial court found that the Borough gave Lal every consideration and opportunity to correct the violations, including permitting Lal to set and revise his own schedule. Therefore, the trial court did not err when it failed to find that the Borough selectively prosecuted Lal.

4. Section 3301 provides:
    Any violation or failure to comply with any provision of any borough ordinance shall constitute a summary offense and prosecution for every such offense shall be according to the practice in the case of summary convictions.
    Section 3308 provides:
    No fine or penalty shall exceed one thousand dollars ($1,000) for a violation of a building, housing, property maintenance, health, fire or public safety code or ordinance and for water, air and noise pollution violations, and shall not exceed six hundred dollars ($600) for a violation of any other borough ordinance.

Lal raises his remaining arguments for the first time to this Court: that the Borough's Code has no reasonable relation to the health, safety, morals or general welfare of the community, and that the conditions underlying the prosecution were caused by the Borough's own inaction. It is well settled that matters not raised in, or considered by, a trial court cannot be considered on appeal even though they involve constitutional questions. *Dunk v. Manufacturers Light & Heat Co.*, 52 Pa.Commonwealth Ct. 85, 415 A.2d 919 (1980). Thus Lal has waived his right to argue the remaining issues before this Court.

Finding no error by the trial court, its judgment of sentence is affirmed.

## ORDER

AND NOW, this 8th day of June, 1994, the order of the Court of Common Pleas of Chester County is affirmed.