**BOROUGH OF KENNETT SQUARE**

v.

**Amrit LAL, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 1995.
Decided Aug. 11, 1995.
Reargument Denied Sept. 13, 1995.

Thomas A. Pitt, Jr., for appellant.

John L. Hall, for appellee.

Before McGINLEY and SMITH, JJ., and LORD, Senior Judge.

SMITH, Judge.

Before the Court is another appeal by Dr. Amrit Lal, this time from the judgment of sentence entered September 7, 1994 by Judge Thomas G. Gavin of the Court of Common Pleas of Chester County after finding Lal guilty on 24 citations issued for violations of the Maintenance Building Code of the Borough of Kennett Square, Ordinance No. 731 (Building Code) and imposing a fine of $14,550. The matter arises out of Lal's

ownership of an apartment complex known as Scarlet Manor Apartments, located in the Borough of Kennett Square, Chester County, and consisting of two separate buildings with a total of 36 units. The violations ranged from leaking plumbing, broken or missing windows, ceiling holes, electrical problems, inoperable lighting, fire protection problems, and exterior and interior door problems.

Lal stated in his "Designation of Contents of Reproduced Record and Statement of Issues Pursuant to Rule 2154 of the Pa.R.A.P." that the issues presented for review are whether Lal was proven guilty of the summary offenses charged beyond a reasonable doubt and whether the evidence was sufficient to sustain a conviction. Lal nonetheless raised five issues in his brief, and the Borough objects to this Court's consideration of those issues because they were not properly raised in post-trial motions and are therefore waived. However, because of the nature of this matter, the following discussion is warranted.

I

**Issue No. 1:** Lal claims that the doctrine of election of remedies operates to bar the instant citation proceedings because the Borough filed an action for injunctive and other relief against Lal in another proceeding to secure equitable enforcement of the Borough's Building Code.[1] Further, the Borough's failure to observe the election of remedies doctrine results in double punishment of Lal for the same offense, thus violating his rights against double jeopardy.

**Issue No. 2:** Lal claims that the trial judge should not have proceeded to trial without counsel of Lal's choice, in violation of his Sixth Amendment rights under the United States Constitution. Lal challenges Judge Gavin's refusal to grant a third continuance of the July 1993 hearing before the court to permit Lal a fair opportunity to secure representation after prior counsel

---

1. *See Borough of Kennett Square v. Lal (Kennett Square II),* 165 Pa.Commonwealth Ct. 573, 645 A.2d 474, *appeal denied,* 540 Pa. 613, 656 A.2d 119 (1994) (this Court affirmed Judge Gavin's appointment of an agent to manage Lal's property in compliance with the local ordinance and rejected claims that the trial judge should have recused himself because of bias and that the Borough engaged in selective enforcement of the ordinance).

withdrew his appearance. The attorney discovered that Lal raised ineffective assistance of counsel claims against the attorney in another appeal before this Court (*Borough of Kennett Square v. Lal (Kennett Square I)*, 164 Pa.Commonwealth Ct. 654, 643 A.2d 1172, *appeal denied*, 540 Pa. 586, 655 A.2d 517 (1994)), without having advised the attorney. Lal maintains that since he faced imprisonment for contempt of court if he failed to pay the fines imposed, he had the right to select any counsel he wished, and because the judge required him to proceed to hearing without counsel, his rights were violated.

**Issue No. 3:** Lal claims that the Building Code was not enforced in a constitutional manner because, as applied, the Building Code bore no reasonable relationship to the health, safety, morals or general welfare of the community. Lal contends that due to the minimal nature of the violations, no threat is posed to the tenants or to the general public; and because of the tenants' lack of cooperation, the Borough's failure to provide adequate police protection or the Borough's failure to remedy Lal's violations through the use of available public funds, the Ordinance cannot be saved as to its constitutionality. Lal asserts as well that because of the de minimis nature of the violations, enforcement of the Ordinance was unreasonable and the fine imposed was excessive and violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**Issue No. 4:** Lal claims that the Borough should not be permitted to exercise regulatory power in this case because its inaction brought about the conditions now complained of by the Borough. Lal reiterates his contention that the Borough possessed the power to undertake community development programs including urban renewal public housing, model cities programs and neighborhood development projects to remedy the violations but failed to pursue these remedies. Lal contends that state legislation affords an avenue for the Borough to remedy the violations through urban redevelopment and community development block grant laws.

**Issue No. 5:** Lal claims that no competent evidence was produced by the Borough to prove that the Ordinance ever properly took effect since the Borough failed to offer the certificate of the Borough secretary under the corporate seal, citing Section 1008 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46008. As such, an effective ordinance was never proven to sustain the convictions against Lal beyond a reasonable doubt.

This Court's scope of review of the trial court's order in this case is limited to determining whether constitutional rights were violated or whether the trial court committed an error of law or abuse of its discretion. *Commonwealth v. Karn*, 168 Pa.Commonwealth Ct. 435, 650 A.2d 1176 (1994).

## II

This Court has decided other appeals by Lal from orders of the court of common pleas requiring Lal to comply with local property maintenance codes, and in those appeals Lal raised the same or similar issues presented in his brief sub judice.[2] At least four of the issues argued in Lal's brief have been previ-

---

2. This Court notes two earlier cases, among several others not cited in this opinion, involving Lal's violations of local property maintenance ordinances. In *Amrit Lal, Appellant v. Commonwealth of Pennsylvania*, (No. 400 C.D.1990, filed December 7, 1990), this Court affirmed an order entered by the Court of Common Pleas of Delaware County finding Lal guilty of violating a local property maintenance code and sentencing him to payment of a $300 fine and costs. The violations pertained to property located in the City of Chester and the record reflected that Lal was in violation of the local ordinance since at least November 1988.

In another case, *Amrit Lal, Appellant v. Douglas P. Marguriet, Manager and F. Joseph Barber,* *Code Enforcement Officer of the Borough of Kennett Square, et al.*, (No. 955 C.D.1990, filed March 4, 1991), the Court affirmed the order of the Court of Common Pleas of Chester County sustaining preliminary objections in the nature of a demurrer filed to Lal's complaint in mandamus requesting the court to order the Borough to "set up" a hearing before the Housing Appeals Board and to withdraw certain criminal citations against Lal arising out of his failure to correct housing code violations on property owned in the Borough of Kennett Square. Because Lal failed to establish his lack of an adequate remedy at law for challenging the citations, this Court affirmed the dismissal of his action.

ously considered by this Court and were either rejected as being without merit, frivolous, or waived for failure to properly preserve the issue for appellate review.

Here, Lal contends that the Borough is precluded from prosecuting the summary offenses because the Borough previously filed an equity action to enjoin the same conduct and to secure the appointment of an agent to manage Lal's property. In *Borough of Kennett Square v. Lal (Kennett Square II)*, 165 Pa.Commonwealth Ct. 573, 645 A.2d 474, *appeal denied*, 540 Pa. 613, 656 A.2d 119 (1994), Lal argued that the trial court had no jurisdiction to consider the equity action because there existed a constitutionally valid Borough statute that provided an exclusive administrative remedial process (summary citation) with review by the court of common pleas. The Court rejected Lal's arguments and affirmed Judge Gavin's order to appoint an agent to manage the Scarlet Manor Apartment complex, subject of the current citation proceedings. Writing for the majority, Judge Narick stated:

> The Borough Code provides that boroughs are specifically vested with the power to enforce housing ordinances by instituting appropriate actions or proceedings in law or in equity. The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46202(24).

> •    •    •    •    •

> We hold that the remedies at law, the hundreds of citations for violations of the housing code received by Appellant, have been inadequate to insure their enforcement. Thus, the safety and the habitability of the premises can not be guaranteed, and the health and welfare of the tenants residing in Appellant's apartment complex is endangered. Therefore, it was perfectly appropriate for the court to provide equitable relief in the form of appointment of an agent to manage the Scarlett Manor apartments.

*Id.*, 165 Pa.Commonwealth Ct. at 584, 645 A.2d at 479. Based upon the foregoing, Lal's election of remedies argument is totally devoid of merit.

▮ The Borough may invoke its available remedies at law or in equity to abate Lal's Building Code violations. Proceeding in equity for injunctive relief and for the appointment of an agent to manage Lal's property does not preclude the filing of summary offenses against Lal for violation of the Ordinance, punishable by fine. Moreover, any contention that double jeopardy attaches because the Borough proceeded in equity to secure appointment of the agent and initiated the summary citation proceedings as well is wholly frivolous. The Fifth Amendment double jeopardy clause prohibits a *second* criminal punishment for the *same* criminal offense. *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938).

After thoroughly reviewing the law and responding to the issues determined to be properly before the Court, Judge Narick further wrote in *Kennett Square II:*

> We believe that the repetitious and frivolous nature of this appeal entitles the Borough to the award of reasonable counsel fees pursuant to Section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7) and Pa.R.A.P. 2744(1).

> •    •    •    •    •

> Here, Appellant has so clearly abused the legal process that we now impose on Appellant, *sua sponte*, the sanction of paying reasonable counsel fees. This appeal was a result of Appellant's refusal to respond to the Borough's complaint in equity, and instead twice appealing the trial court's preliminary rulings. Then, when Appellant suffered a judgment by default, brought on by his own intentional conduct, he filed this appeal, raising numerous, frivolous issues designed to obstruct and delay the equitable relief ordered by the trial court.

*Id.*, 165 Pa.Commonwealth Ct. at 586–587, 645 A.2d at 480–481.

▮ In responding to Lal's claim of ineffective assistance of counsel which mirrors his "violation of right to counsel" arguments in the case sub judice, this Court observed in *Kennett Square I:*

> As the guaranteed protections of the state and federal constitutions with respect

to representation of counsel apply only to situations where the possibility of imprisonment exists, a court may consider a defendant's claim that he was denied effective representation only when the defendant's conviction leads to the possibility of incarceration.... Pursuant to Sections 3301 and 3308 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §§ 48301, 48308, respectively, a violation of a borough ordinance is a summary offense, punishable only by fine. [Footnote omitted.] As there was no chance that Lal would be imprisoned [for violation of the Borough's Building Code], this Court need not address further Lal's claim that he was denied effective assistance of counsel.

*Id.,* 164 Pa.Commonwealth Ct. at 661, 643 A.2d at 1176. Accordingly, no Sixth Amendment rights attach to the instant case. The contention that imprisonment may result upon a finding of contempt for failure to pay a fine does not distinguish Lal's case from well-established law. Any possibility of imprisonment in that event would result not from a violation of the Building Code, but rather from a separate and distinct act of contempt on Lal's part upon a finding by the court.

Lal also argued in *Kennett Square I* that the Borough's Building Code bore no reasonable relation to the health, safety, morals or general welfare of the community and that the conditions underlying the prosecution against Lal were caused by the Borough's own inaction in securing public funds to remedy his violations through various urban renewal funding programs available to the Borough. This Court refused to consider these issues since they were raised for the first time on appeal. Nonetheless, in *Amrit Lal v. Thornbury Township,* No. 872 C.D.1994, Pa.Commonwealth Ct., 653 A.2d 720 (filed January 12, 1995), Lal repeated these same arguments, and this Court responded in part:

> Lal also maintains that the Township's inaction brought about the condition complained of by the Township. Suffice it to say that Lal's contention that the Township should have secured funds under Urban Redevelopment Laws, among others, to assist Lal in remedying the public nuisance has absolutely no merit and requires no further mention.

Slip opinion at 5.[3] Incorporated into this issue is Lal's assertion that the Borough lacks regulatory power to enforce the Ordinance because the Borough failed to secure outside funding to correct Lal's violations. This bald assertion is reflective of the disdain exhibited by Lal toward the legal process and merely lends support for the final conclusion reached by this Court.

In response to Lal's attacks against the trial court's sentence as excessive, this Court stated in *Kennett Square I:*

> [T]he trial court should weigh all mitigating and aggravating factors and arrive at an appropriate sentence that is consistent with the protection of the public and the gravity of the offense.... Considerations should include the history and character of the defendant, the nature and circumstances of the crime.... Finally, if a sentence imposed is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment.

*Id.,* 164 Pa.Commonwealth Ct. at 659–660, 643 A.2d at 1175 (citations omitted). Judge Gavin reduced the maximum fine of $24,000 imposed by the district justice to $14,550 after properly considering the entire record and Lal's history. Absolutely no judicial abuse of discretion has been demonstrated by Lal in this context, nor has he otherwise shown any basis for his claims of violation of the Excessive Fines Clause of the Eighth Amendment.

Lal's fifth issue, involving the legal effect of Ordinance No. 731, is a frivolous one and needs no discussion on its merits. The Court notes, however, that Lal produced no evidence nor cited any statutes or cases to

---

**3.** Lal similarly failed to prevail on his claim that the Building Code bore no reasonable relationship to the health, safety and morals of the community. Lal also argued in *Kennett Square II* that the Building Code bore no reasonable relation to the health, safety and morals of the community: this issue was deemed waived for failure to properly preserve it for appellate review.

support his argument that the absence of an effective date on the face of the Ordinance caused it to be invalid. The record demonstrates that the Ordinance was adopted on May 20, 1991 and was lawfully recorded in the Borough ordinance book following its enactment as required by Section 1008 of the Borough Code, 53 P.S. § 46008.

### III

The Borough noted in its brief that prior to sentencing, Lal had committed over 225 maintenance housing and building code violations; and Judge Gavin noted in his opinion that Lal has been involved in more than 100 different cases before Judge Gavin alone, involving Lal's vast real estate holdings in Chester County. Tr. Ct. opinion at 4 n. 5.

Judge Gavin further commented concerning Lal's "duplicity" as evidenced by his filing of unsubstantiated recusal motions before the court; raising an ineffective assistance of counsel claim, in another appeal, against his current counsel without informing him of the pendency of that claim; raising various oral motions despite admonishment from the court that all motions must be in writing; presenting repeated frivolous requests for continuance of hearings before Judge Gavin to secure counsel; raising in post-trial motions frivolous and unsubstantiated claims; and thereafter filing a petition for summary dismissal further demonstrating Lal's "contemptuous behavior" toward the legal process. Tr. Ct. opinion at 9.

■ Based upon a full review of this matter, the Court concludes that Lal's appeal is wholly frivolous and further, that to uphold the integrity of this Court in specific and the judicial process in general, this matter must be remanded, sua sponte, to Judge Gavin to impose against Lal all costs, counsel fees and damages allowed by acts of the general assembly and the Pennsylvania rules of court. Lal has failed to heed the Court's earlier admonitions and efforts to end his abuses of the judicial process through repeated filings of frivolous appeals. *See Kennett Square II; Thornbury Township.* The remand to Judge Gavin for the imposition of sanctions is designed to respond directly and unequivocally to Lal's egregious conduct. The trial court's order is affirmed in all respects.

### ORDER

AND NOW, this 11th day of August, 1995, the order of the Court of Common Pleas of Chester County is hereby affirmed. This case is remanded to the Court of Common Pleas for the imposition of costs, fees and damages consistent with the foregoing opinion.

Jurisdiction relinquished.