# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                       :
           v.                :    No. 51 C.D. 2019
                                       :    Submitted: March 26, 2020
Glenn Okamoto,            :
          Appellant      :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                  **HONORABLE ELLEN CEISLER,** Judge (P.)
                  **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: April 29, 2020**

Glenn Okamoto (Appellant) appeals from the December 4, 2018 Order (Order) of the Court of Common Pleas of Philadelphia County (trial court), which ordered Appellant, the owner of 5322 Hadfield Street, Philadelphia, Pennsylvania (Property), to pay a $37,200 fine for violations of The Philadelphia Building Construction and Occupancy Code (Code) levied by the City of Philadelphia (City). PHILA., PA., THE PHILADELPHIA CODE tit. 4 (2016) (Phila. Code). Appellant asserts that he complied with all required work associated with the violations and that the total amount of the fine is excessive when considered against the Property's value. Upon review, we determine that the trial court did not abuse its discretion by imposing the $37,200 fine. Thus, we affirm.

## I. BACKGROUND

After inspection of the Property, the City's Department of Licenses and Inspections (Department) issued an Initial Notice of Violation and Order (Notice), on February 13, 2018, which set out the specific violations and locations of those violations on the Property.[1] (Complaint (Compl.), Ex. A.) The Notice directed Appellant to correct the violations and stated that a re-inspection would occur on or about March 19, 2018, to determine Appellant's compliance with the Notice. The Notice warned that Appellant would be subject to various penalties, including fines in the amount of $150 to $2000 per violation for each day the violation remained uncorrected. (*Id.* at 2.) The Notice also advised Appellant of his right to appeal within 30 days of receipt of the Notice and the appropriate method of appeal. Appellant did not appeal. Pursuant to the Notice, the Department conducted a re-inspection on March 22, 2018, and the same violations were found on the Property. On March 23, 2018, the Department issued a Final Warning and informed Appellant that it would pursue additional enforcement action for "failure to correct the violations." (Compl., Ex. B.)

On June 12, 2018, the City filed an enforcement action with the trial court. In the City's Complaint, the City requested the trial court grant a permanent injunction requiring Appellant to take immediate corrective action to remedy the violations, permit the City to abate the violations and/or inspect the Property to determine whether the violations have been corrected, and order payment of re-inspection costs and a daily fine for four of the cited violations, which at the time

---

[1] The violations included different issues with construction debris left on the Property and not removed, and a lack of building, plumbing, and electrical permits.

of the Complaint amounted to $37,200.[2]  The trial court issued a Rule to Show Cause why the requested relief should not be granted and scheduled a hearing for July 31, 2018.  The hearing was rescheduled for December 4, 2018, after the trial court granted three continuance requests, two at the request of Appellant's former counsel, and once at the request of both parties.  In the interim, the City sent Appellant a Notice of Intention to Take a Default Judgment based upon Appellant's failure to file an answer to the Complaint.  Despite the notice, Appellant did not file an answer.  On November 27, 2018, upon the City's Praecipe to Enter a Default Judgment against Appellant, the trial court entered judgment in favor of the City.

A final hearing on damages was held on December 4, 2018, at which the City requested a fine totaling $37,200, representing $150 per day per violation for the time period of March 23, 2018,[3] through May 25, 2018, as well as continuing fines in the amount of $300 for each day the violations remain uncorrected.  Appellant's counsel advised the Court that the violations had been remedied and requested "the mercy of the [trial c]ourt" in terms of the fines.  (Hr'g Tr. at 4.)  The trial court noted that when the Code is not followed, there are "very dire circumstances not only for that particular property but the surrounding community" as well.  (*Id*. at 7.)  Following the hearing, the trial court entered the Order finding that the violations were deemed admitted as Appellant did not exhaust his administrative remedies by appealing the notices and by failing to

---

[2] The City calculated the total amount of the fine by applying the minimum fine, $150, multiplying that amount by 4 for the number of violations, and again multiplying that figure by 62 for the total number of days the Appellant was then in violation.  (Compl. ¶¶ 18-20.)

[3] Although it could have sought fines from the day of the initial violation, the City only sought the imposition of fines from the date the Final Warning was issued.

answer the Complaint. (Order ¶ 3.) The trial court further found Appellant "has failed to obtain the necessary permits and/or make the necessary repairs to correct the violations present at the [Property]." (*Id.* ¶ 5.) Accordingly, the Order directed Appellant to

[c]omply [with] all extant violations of the . . . Code that exist at the [Property,] as follows[:]

[a.] Immediately clear the premises of construction debris in accordance w[ith] all [the C]ode requirements[;]

[b.] Within [seven] business days [Appellant] shall apply for a building permit[;]

[c. Appellant] shall then apply for electrical and plumbing permits to legalize the work[.]

(Order, Wherefore Clause ¶ 1.) The trial court also ordered Appellant to arrange for a reinspection by the Department and pay an absolute fine of $37,200 for the violations within 90 days of the Order. (*Id.* ¶¶ 2-3.) On December 7, 2018, Appellant filed a Petition to Open the Default Judgment and an Answer and New Matter. The trial court denied the Petition to Open Default Judgment on December 31, 2018. On January 3, 2019, Appellant filed a Motion for Reconsideration. Appellant requested the Court vacate the fine because Appellant "ha[d] since fully complied with all outstanding violation notices." (Motion for Reconsideration ¶¶ 5-6 (emphasis omitted).) With the Motion for Reconsideration, Appellant attached the affidavit of Appellant's property manager, who asserted that the permits were obtained and any other problems with the Property were resolved. Appellant further alleged that the fine was "between 41% and 70% of the total value of the property" and thus was "excessive, and w[ould] serve no deterrent purpose, other than to potentially bankrupt" Appellant. (*Id.* ¶ 10.) On the same

4

day Appellant filed the Motion for Reconsideration, Appellant also appealed to this Court.

On January 9, 2019, the trial court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(b).[4]  In his Statement, Appellant continued to argue that he "fully complied with all outstanding violation notices" by completing all of the required work in connection to the violations, "albeit in an untimely manner."   (Statement at 2 (emphasis omitted).)   Appellant noted the value for the Property ranged from $52,806 to $89,867, based on property value websites[5] and given these values, the trial court's fine of $37,200 was excessive and served no "deterrent purpose, other than to potentially bankrupt" Appellant.  (*Id.*)

The trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a)[6] (1925(a) Opinion),

---

[4] Rule 1925(b) provides:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa.R.A.P. 1925(b).

[5] According to Appellant, Zillow lists the Property's value as approximately $52,806; Remax as approximately $75,200; and Redfin as approximately $89,867.

[6] Rule 1925(a)(1) provides in relevant part:

> (1) General rule.--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion

**(Footnote continued on next page…)**

5

wherein the trial court addressed each of Appellant's arguments in turn. The trial court stated that Appellant was issued the fine because the record was clear that Appellant was noncompliant based upon his inaction in dealing with the violations. (1925(a) Opinion at 4.) Additionally, the "Code sets rules and regulations in order to protect the public." (*Id*. at 6.) The trial court also noted that the fine could have been "much larger" and "[t]he City's request for fines w[as] [] forgiving." (*Id*. at 4.)

The trial court further stated that Appellant's claim that he had fully complied with the violation notices at the time of the December 4, 2018 hearing was "unfounded." (*Id*. at 5.) The trial court noted that, at the hearing, the City maintained that Appellant was still in violation of the Code, and because Appellant had not filed an Answer to the Complaint, the Complaint's averments were deemed admitted. (*Id*.) Because of this, the trial court "made it clear that [it] 'will not back off of the $37,000 fine imposed.'" (*Id*. (quoting Hr'g Tr. at 8).) As for Appellant's contention that the fine was excessive in comparison to the Property's value, the trial court noted that the estimated value of the Property does not guide its decision, and instead the fine "was fair and just due to the time period that the . . . [P]roperty remained noncompliant." (*Id*.)

## II. PARTIES' ARGUMENTS

On appeal, Appellant argues that the trial court abused its discretion and did not follow the purpose of the Code when it issued the $37,200 fine. Appellant

---

**(continued…)**

    of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1).

asserts that he properly completed all "required remediation work[,] . . . albeit in an untimely manner." (Appellant's Brief (Br.) at 6.) Also, Appellant argues that the fines are "equal to an amount of between 41% and 70% of the total value of the [P]roperty" and, thus, are "excessive, and will serve no deterrent purpose, other than to potentially bankrupt" Appellant. (*Id*.) Appellant suggests a total fine of $5000 would be more appropriate, but provides no explanation as to how he arrived at this figure. (*Id*.) Appellant further notes that, according to the Code, fines are not automatic, but instead are imposed at the discretion of the trial court. (*Id*.) Appellant asserts that the purpose of the Code is the orderly enforcement of the building and safety codes. (*Id*. at 6-7.) Appellant states that the amount of the fine is contrary to the purpose of the Code because the "violations . . . caused no safety concerns." (*Id*. at 7.)

The City argues that Appellant's "cursory argument is not sufficiently developed for appellate review." (City's Br. at 6.) The City states that Appellant does not cite any legal authority to support his argument that the fine was excessive, and therefore the issue is waived. (*Id*. at 7.) The City also notes that the Code uses the mandatory language, "'*shall* be subject to a fine . . .', Phila. Code § A-601.1, although in practice trial courts tend to impose lesser fines in lieu of the full statutory amount." (*Id*.) The City argues that, even if "the Court were [sic] to permit [Appellant's] challenge, the fine stands on solid legal footing [because b]oth [T]he Philadelphia Code and Pennsylvania case law governing the trial court's discretion to order fines support the discounted statutory fine here." (*Id*. at 8.) The City also notes that the value of the Property does not lessen the importance of public safety objectives that support the fine. (*Id*. at 12.) The City

7

further argues that Appellant had every opportunity to act before the December 4, 2018 hearing, but did not do so. (*Id*. at 12-13.)

### III. ANALYSIS

#### A. Whether Appellant's Argument Permits Appellate Review.

We begin with the City's argument that Appellant has not sufficiently developed his arguments to permit appellate review. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure governs the argument section of briefs and provides, in pertinent part:

> **(a) General rule**. The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent.**

Pa.R.A.P. 2119(a) (emphasis added). "Where an appellate brief fails to provide **any discussion** of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *W. Pa. Annual Conference of the United Methodist Church v. City of Pittsburgh*, 188 A.3d 637, 641 n.2 (Pa. Cmwlth. 2018) (emphasis added) (quoting *Banfield v. Cortes*, 110 A.3d 155, 168 n.11 (Pa. 2015)). If an issue is "not properly developed in [an] appellant's brief," then this Court "will deem an issue abandoned." *Yannone v. Town of Bloomsburg Code Appeal Bd.*, 218 A.3d 1002, 1009 (Pa. Cmwlth. 2019) (quoting *Aveline v. Pa. Bd. of Prob. & Parole*, 729 A.2d 1254, 1256 n.5 (Pa. Cmwlth. 1999)).

For our consideration, Appellant has presented one claim: that the trial court abused its discretion by ordering excessive fines. In his brief, Appellant has

offered discussion of the claim and cited Section A-601.1 of the Code in support of his argument. Specifically, Appellant's brief states:

> Title 4 of the [Code] provides for the potential imposition of fines. "Any person who violates any provision of this [C]ode or the technical codes or regulations adopted thereunder; or who fails to comply with any order issued pursuant to any Section thereof; or who erects, constructs, installs, removes, alters or repairs a structure, equipment or system in violation of the approved construction documents or directive of the code official or of a permit or certificate issued under the provisions of this [C]ode or the technical codes, shall be subject to a fine of $300.00 for each offense." *See* Philadelphia Building Code, §A-601.1.
>
> The fines are not automatic but are up to the discretion of the inspectors, the city solicitors and finally the trial court. The purpose of the [] Code as adopted by the City of Philadelphia is clear, the orderly enforcement of the building and safety codes. Imposing fines in an amount totaling 70% of the potential value of the [P]roperty at issue for violations that caused no safety concerns is contrary to the purpose of the Code and an abuse of discretion on the part of the trial court.

(Appellant's Br. at 6-7 (emphasis omitted).) Although Appellant has presented a minimal argument section before this Court, it is sufficient to enable appellate review. Therefore, the claim is not waived, and this Court will not deem it waived.

### B. Whether the Trial Court Abused its Discretion by Entering an Excessive Fine.

As stated previously, Appellant's sole argument before this Court is that the trial court entered an excessive fine against Appellant.[7] The Eighth Amendment of the United States Constitution states that "[e]xcessive bail shall not be required,

---

[7] Appellant has not specified whether he is arguing his claim under the Eighth Amendment of the United States Constitution or article I, section 13 of the Pennsylvania Constitution; therefore, we will analyze his argument under both.

9

nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment is applicable to the states by the Fourteenth Amendment of the United State Constitution, U.S. CONST. amend. XIV, and "has been held to be co-extensive with [a]rticle I, [s]ection 13 of the Pennsylvania Constitution."[8] *Eckhart v. Dep't of Agric.*, 8 A.3d 401, 407 (Pa. Cmwlth. 2010) (citing *Jackson v. Hendrick*, 503 A.2d 400, 404 n.10 (Pa. 1986)). "To determine whether the excessive fines clause has been violated, '[a] court must consider whether the statutory provision imposes punishment; and if so, whether the fine is excessive.'" *Id.* (quoting *Commonwealth v. 5444 Spruce Street*, 832 A.2d 396, 399 (Pa. 2003)). A trial court should weigh mitigating and aggravating factors that include: the history and character of the defendant; the nature and circumstances of the offense; and the defendant's attitude. *Borough of Kennett Square v. Lal*, 643 A.2d 1172, 1175 (Pa. Cmwlth. 1994). A trial court's sentence or penalty will not be disturbed unless an abuse of discretion has occurred.

> An abuse of discretion exists when the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. . . . Where the record adequately supports the trial court's reasons and factual basis, the court did not abuse its discretion.

*King v. Pittsburgh Water & Sewer Auth.*, 139 A.3d 336, 345 (Pa. Cmwlth. 2016). Furthermore, "if a sentence imposed is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." *Lal*, 643 A.2d at 1175.

---

[8] Article I, section 13 states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." PA. CONST. art. I, § 13.

In the case before us, Appellant was cited for five violations which, at the time the City issued the Notice, were subject to a fine ranging from $150 to $300 per day, per offense. Phila. Code §§ A-601.1, A-601.4 (amended June 6, 2018).[9] Appellant did not challenge these violations and allowed these violations to continue for approximately 10 months, from February 2018 until the final hearing on December 4, 2018. However, the trial court did not penalize Appellant for the entirety of the time Appellant was in violation of the Code, or the maximum amount per penalty. Instead the trial court allowed the minimum amount per day, $150 for four out of the five penalties for a time period of just two months. In addition, the trial court noted at the hearing that the Code was not just to ensure the safety of the Property but also the public and community surrounding the Property. (Hr'g Tr. at 7.) Therefore, as the trial court highlighted in its opinion, the fine was well within the confines of the Code and could be considered "forgiving." (1925(a) Opinion at 4.)

Appellant also argues that the fine, in relation to the value of the Property, evidences an abuse of discretion by the trial court. The value of the Property is not a consideration of the trial court in considering fines for violations of the Code. *See Lal*, 643 A.2d at 1175. In the trial court's Opinion, the trial court noted that the Code set parameters "in order to protect the public." (1925(a) Opinion at 6.) *See* Phila. Code § B-101.3 ("The purpose of this [C]ode is to establish the minimum requirements to provide a reasonable level of safety, public health and

---

[9] After the Notice was issued to Appellant, Section A-601.1 of the Code was amended to change the amount for each offense to a mandatory $300 per offense. This change does not affect the case before us because the Code was amended on June 6, 2018, after the 62-day time period calculation of the fine from the Final Warning. Accordingly, the $150 per violation calculation is appropriate under the version of the Code in effect at the time of the Notice and violations.

11

general welfare . . . .").  The trial court further noted that it determined that the fine was "fair and just due to the time period that the [P]roperty remained noncompliant."  (1925(a) Opinion at 5.)

We find no fault in the trial court's imposition of the fine because it was within the trial court's discretion to do so and, furthermore, the trial court remained within the confines of the Code.  Appellant has not proffered any authority which would support a finding that this fine, which is within the parameters of the Code, is "manifestly unreasonable, arbitrary, or capricious," when the Code was applied by the trial court in this case.  *King*, 139 A.3d at 345.  The trial court levied the minimum daily amount per violation, $150, and only fined Appellant 2 months out of the total approximate amount of time, 10 months, that Appellant was in violation of the Code.  Due to the lengthy time period of the violations, we cannot find that the fine was manifestly excessive.

## IV.   CONCLUSION

Based upon the foregoing, the fine issued by the trial court was not excessive and we discern no abuse of the trial court's discretion.  Thus, we affirm the trial court's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia : 
       :
        v. : No. 51 C.D. 2019
       :
Glenn Okamoto, :
            Appellant :

## **O R D E R**

**NOW**, April 29, 2020, the December 4, 2018 Order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge