# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 515 C.D. 2019
: SUBMITTED: June 9, 2020
RB Parking, LLC, :
Appellant :


BEFORE:  HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge (P.)
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                    FILED:  July 16, 2020

RB Parking, LLC, (RB) appeals from an order of the Court of Common Pleas of Philadelphia County that entered judgment against RB in the amount of $90,000 for failure to comply with the requirements in The Philadelphia Code of General Ordinances (Philadelphia Code) to obtain the necessary permits for structural work and interior renovation and to submit construction documents and plans regarding the nature and extent of its work.  We affirm.

The background of this matter is as follows.  At a 2012 sheriff's sale, RB bought the subject property at 5438 Spruce Street in the Cobbs Creek neighborhood of the City of Philadelphia.  (Mar. 12, 2019 Hearing, Notes of Testimony "N.T." at 16; Reproduced Record "R.R." at 72a.)  Subsequently, RB commenced work on the property without applying for the necessary permits. (Trial Court's Aug. 15, 2019 Op. at 5.)

In April 2017, the City issued an initial notice of violation for three Class I violations of the Philadelphia Code:  (1) failure to apply for a building permit

for structural work in the rear of the property; (2) failure to apply for a building permit for altering, modifying, repairing or improving the interior of the property; and (3) failure to submit construction documents and/or plans to the City's Department of Licenses and Inspections (Department) indicating the precise location, nature, and extent of work. Phila. Code §§ A-301.1.1(3) and A-301.6. In the notice, the City directed RB to correct the three violations before the May 8, 2017 reinspection date. Additionally, the City advised RB of the thirty-day appeal period, the imposition of fines in the range of $150 to $2000 per violation for each day the violation remained uncorrected, and the possibility of the City's filing a legal action to obtain compliance. (Mar. 12, 2019 Hearing, City's Ex. No. 1, Apr. 3, 2017 Initial Notice of Violation at 1-2; R.R. at 79a-80a.)

Following the City's reinspection of the property, the City advised RB that fines would be imposed from April 3, 2017, that certain licenses and permits could be suspended or revoked, and that the City could file a legal action to obtain compliance, an injunction, and the imposition of fees and fines. (*Id.*, City's Ex. No. 2, May 9, 2017 Final Warning at 1-2; R.R. at 81a-82a.) Consequently, when RB failed to appeal or bring the property into compliance with the Philadelphia Code, the City filed an equity complaint with the trial court seeking an injunction, RB's compliance, and statutory fines. (Mar. 15, 2018 Complaint; R.R. at 22a-39a.) Several days later, the trial court granted the City's rule to show cause why the requested relief should not be granted and set a hearing date for May 10, 2018. (Trial Court Docket Report at 5; R.R. at 5a.) However, no one appeared on behalf of RB at hearings scheduled for May and August 2018.

In October 2018, the City filed notice of its intention to take a default judgment. When RB failed to respond to the notice, the City praeciped for default

judgment therein advising that a hearing for the assessment of damages was scheduled for October 25, 2018. (Oct. 22, 2018 Praecipe for Default Judgment; R.R. at 41a.) Although an agent for RB, Yosef Meir, finally appeared at the October 2018 hearing, the trial court continued the matter for the corporate entity to obtain counsel. Notably, the City was prepared to proceed with one of its building inspectors. (Oct. 25, 2018 Hearing, N.T. at 3; Supplemental Reproduced Record "S.R.R." at 10b.) At the subsequent December 2018 hearing, counsel for RB advised that RB had sold the property to Noah Property Investment (Noah) in May 2018.[1] Once again, the trial court continued the matter.

In March 2019, the trial court held a hearing at which time the City presented evidence and testimony from building inspector Robert Fillmeyer and Yosef Meir testified on behalf of RB. Mr. Fillmeyer confirmed that the City issued both initial and final warning notices of violation to RB in April and May 2017 and those notices were submitted into evidence. He testified that from the time the City issued the three notices of violations in April 2017 until RB sold the property in May 2018, RB failed to appeal the notices, failed to apply for the necessary permits, and failed to bring the property into compliance. (Mar. 12, 2019 Hearing, N.T. at 8; R.R. at 70a.)

Mr. Meir acknowledged that he bought the property with the intention of doing minimal repairs and flipping it before getting into major repairs. (N.T. at 19-20; R.R. at 73a.) To that end, he sought a buyer once the City got involved. Mr. Meir did not dispute the Philadelphia Code violations or his failure act but asked the

---

[1] In January 2019, the City filed a praecipe for rule to show cause why successor Noah should not be substituted as a party. (Jan. 14, 2019 Praecipe for Rule to Show Cause at 1-8; R.R. at 51a-58a.) The trial court entered an order granting the rule with a return date of February 26, 2019. (Trial Court's Jan. 15, 2019 Order at 1; R.R. at 59a.) Subsequently, the City filed a praecipe to discontinue. (Jan. 14, 2020 Praecipe to Discontinue at 1; S.R.R. at 1b.)

3

trial court for leniency given the circumstances. (N.T. at 24; R.R. at 74a.) As counsel for RB summarized, "it's not necessarily that [Mr. Meir's] telling the Court he's not responsible, he's asking the Court to consider the fact that his intention was just to flip it." (N.T. at 20; R.R. at 73a.) Additionally, counsel for RB indicated that he would be representing new owner Noah subsequent to the trial court's entry of an order against RB.[2]

The trial court observed that the question was not whether it should impose a fine but in what amount. (N.T. at 23; R.R. at 74a.) In determining an appropriate fine, it took into consideration the length of RB's ownership and Mr. Meir's failure to acknowledge or address the violations. (N.T. at 6; R.R. at 70a.) Additionally, the trial court opined that Mr. Meir could not use the fact that he bought the property at a sheriff's sale as a defense for abdicating his responsibility for the violations during his time of ownership. As the trial court observed: "If you buy a property in the City of Philadelphia, you assume [the] responsibility of the property owner. You are responsible for ensuring and maintaining that property is in compliance with the [C]ode. That wasn't done here and once it's brought to your

---

[2] The pertinent colloquy at the hearing provided:

> **Mr. Greenspon** [counsel for the City]: One additional thing we need to address, subsequent to this order against [RB], the successor of interest which is Noah . . . – Mr. Lambert [RB's former counsel] has agreed he will be representing Noah . . . , so the City would be asking that the case against Noah . . . be continued.
>
> **Mr. Lambert**: I think we can resolve this before we have to come back, so we don't have to go through this again.
>
> **The Court**: Okay. I think 60 days is sufficient and we'll see where you are in 60 days with Noah . . . . We'll give this a date of 5/21 [2019].

(N.T. at 26-27; R.R. at 75a.)

attention, you have the ultimate responsibility . . . ."  (N.T. at 25; R.R. at 75a.)
Moreover, the trial court noted that the City already had unilaterally lowered the
amount of the fine that it was requesting to $119,400, approximately a third of the
amount to which it was entitled.  (N.T. at 22-23; R.R. at 74a.)  Accordingly, even
though the fine could have been in excess of $360,000 for RB's 398 days of
noncompliance during its ownership, the trial court imposed a $90,000 fine.  (N.T.
at 25-26; R.R. at 75a.)

Subsequently, RB procured new counsel and filed a motion for
reconsideration.  In that motion, RB raised two new issues:  whether the fine was
unconstitutionally excessive under the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Pennsylvania Constitution[3] and whether
the trial court lacked jurisdiction because its adjudication impermissibly mixed
criminal law and equity.  The trial court denied RB's motion.

In April 2019, RB appealed to Commonwealth Court.[4]  RB raises three
issues for our review:  (1) whether the alleged conflict of interest of RB's former
counsel by virtue of representing both RB and Noah precludes a determination of
waiver as to any issues not raised at the March 2019 hearing; (2) whether the fine
imposed is grossly excessive in violation of the United States and Pennsylvania
Constitutions given the value of the property and the circumstances of the violations;
and (3) whether the City's Code enforcement actions impermissibly mix criminal

---

[3] U.S. CONST. amend. VIII; Pa. CONST. art. I, § 13.

[4] In September 2019, judgment was entered against RB in the amount of $90,000
commensurate with the trial court's March 12, 2019 order.  (Trial Court Docket Report at 21, R.R.
at 21a.)

law and equity such that the trial court lacked subject matter jurisdiction to render a judgment.[5]

**I**

We turn first to RB's waiver issue. In that segment of RB's brief to this Court devoted to waiver, RB did not properly develop its argument with the requisite specificity and citation to relevant authority. *See Wirth v. Com*., 95 A.3d 822, 837 (Pa. 2014) (failure to develop argument in brief constitutes waiver of issue). Specifically, RB does not identify what issues it believes have been held to be waived or why it anticipates that this Court may consider some unidentified issue to be waived. Presumably, RB refers to the argument that the fine imposed was unconstitutionally excessive because RB acknowledges that it did not raise this issue before the trial court. (Questions of subject matter jurisdiction cannot be waived.[6]) At all events, RB's present counsel asserts that former counsel's alleged conflict of interest by virtue of representing both RB and Noah constitutes an impermissible conflict under the Rules of Professional Conduct and a procedural irregularity such that this Court is precluded from concluding that RB waived any issues below. As RB's present counsel maintains: "No waiver can be held from an incomplete injunction hearing at which a lawyer with an inherent conflict of interest is representing both parties . . . ." (RB's Brief at 4.)

---

[5] Issues as to whether a fine is unconstitutionally excessive and whether the trial court lacked subject matter jurisdiction constitute questions of law. Accordingly, our standard of review with respect to those issues is plenary. *Com. v. Eisenberg*, 98 A.3d 1268, 1279 (Pa. 2014) (excessive fine); *Beneficial Consumer Disc. Co. v. Vukman*, 77 A.3d 547, 550 (Pa. 2013) (subject matter jurisdiction).

[6] *Blackwell v. State Ethics Comm'n,* 567 A.2d 630, 636 (Pa. 1989).

It is noteworthy that RB failed to raise a conflict-of-interest issue in its motion for reconsideration and brief in support, which its *present* counsel prepared.[7] (Motion for Reconsideration and Brief; R.R. at 96a-100a.)  RB also failed to raise the issue in its statement filed pursuant to Pennsylvania Rule of Appellate Procedure Rule 1925(b).[8]  Moreover, we are not persuaded that RB was prejudiced by any real or apparent conflict of interest on the part of its attorney.  The March 2019 hearing which RB now contends constituted an impermissible conflict of interest was limited to the amount of RB's fine, not whether one should be imposed, and responsibility for the fine during RB's ownership never shifted to the new owner.  As the City observed, each owner was responsible for any violations during its respective period of ownership. *See* Phila. Code § A-105.1 (owner responsible for Code compliance). To that end, the trial court emphasized that it was limiting the fine against RB to the period of its ownership and considering that "[t]he violations were never corrected during the period of time [Mr. Meir] owned the property, even to the day he sold the property."  (Trial Court's Op. at 5.)  Thus, the amount of RB's fine could have no impact on Noah.  Similarly, it is not clear how counsel's raising the constitutional issue on behalf of RB would have any impact on Noah.

Nevertheless, the trial court did not deem the constitutional issue waived, but rather addressed the merits of both the excessive fine and subject matter

---

[7] "'[T]o preserve an issue for appeal, a litigant must make a timely, specific objection at trial and must raise the issue [i]n post-trial motions.'  Issues not preserved for appellate review cannot be considered by this Court, even if the alleged error involves 'a basic or fundamental error.'" *Mun. Auth. of Borough of Midland v. Ohioville Borough Mun. Auth.*, 108 A.3d 132, 136-37 (Pa. Cmwlth. 2015) (original emphasis omitted) [quoting *Dennis v. Se. Pa. Transp. Auth.*, 833 A.2d 348, 352 (Pa. Cmwlth. 2003)].

[8] A party's failure to raise an issue in its Rule 1925(b) statement results in waiver. *Lang v. Dep't of Transp.*, 13 A.3d 1043, 1049 (Pa. Cmwlth. 2011).

jurisdiction issues in its opinion filed pursuant to Rule 1925(a), so we, likewise, will address the issue.  We find no error in the trial court's reasoning.

## II

RB argues that the $90,000 fine was grossly disproportionate to the offense and, therefore, unconstitutional, referencing the purported arms-length sale price of $25,000 to Noah.[9]  The law provides that excessive fines shall not be imposed.  U.S. CONST. amend. VIII; Pa. CONST. art. I, § 13.  A fine is excessive "if it is grossly disproportional to the gravity of a defendant's offense."  *U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998).  As our Pennsylvania Supreme Court stated:

> [T]he primary purpose of a fine or a penalty is twofold[:]
> to punish violators and to deter future or continued
> violations.  Since it serves not only as a punishment but
> also as a deterrent, the amount of the fine can be raised to
> whatever sum is necessary to discourage future or
> continued violations, subject, of course, to any restriction
> imposed on the amount of the fine by the enabling statute
> or the Constitution.

*Com. v. Eisenberg*, 98 A.3d 1268, 1283 (Pa. 2014) (citation omitted).  In the present case, the City explained how it calculated the amount of the fine that it was requesting:

> **Mr. Greenspon**: So what the Code permits, Your Honor,
> is each one of the violations carries a daily penalty of

---

[9] In its motion for reconsideration, RB alleged that the fine was unconstitutionally excessive given the $21,000 purchase price at the sheriff's sale, $108,300 assessed value, and $26,437 sale price to Noah.  (Motion for Reconsideration at 2; R.R. at 95a.)  Additionally, here, RB seeks a remand, maintaining that there are crucial pieces of evidence that the trial court did not take into consideration such as the date of the photographs that the City submitted into evidence, the actual value of the property, and RB's ability to pay a fine.  (RB's Brief at 7-8.)  No such evidence was offered, let alone excluded, at the hearing and it is far too late now to raise such issues for the first time.

> $150.00 to $300.00 per day. The Court can take judicial notice from April 3, 2017 to May 7, 2018, is 398 days. What the City in determining what would be reasonable is to ask for $300.00 for each of those days with total statutory fine amount of $119,400.

(N.T. at 23; R.R. at 74a.) In explaining the reasonableness of the request, counsel for the City reiterated that "there's 3 site violations and each one could carry $300.00 a day, so we could actually multiply that total amount by 3, but what the City is requesting today is that just one of those site violations be calculated by $300.00 a day for the total 398 days." (N.T. at 23-24; R.R. at 74a.)

Ultimately, the trial court exercised leniency in determining the amount of the fine, limiting it to the period of RB's ownership and imposing an amount even less than the City requested and what the Philadelphia Code allows. Nonetheless, the trial court was mindful that the fine pertained to conditions on the property that RB failed to address and/or correct for over a year, despite the City's demands. Additionally, the $90,000 fine imposed was per day based upon repeated and daily violations of the Philadelphia Code. As the trial court opined, RB's "willful neglect [was] dangerous to the surrounding community members, surrounding buildings, and emergency workers." (Trial Court's Op. at 5.)

The trial court's decision to impose a $90,000 fine against RB is consistent with analogous case law. In another case involving Mr. Meir, this Court determined that he waived an excessive fine argument but that, in the alternative, the $243,200 fine was not unconstitutionally excessive. *City of Phila. v. DY Properties, LLC*, 223 A.3d 717 (Pa. Cmwlth. 2019), *petition for allowance of appeal denied* (Pa., No. 20 EAL 2020, filed June 25, 2020). In so determining, we observed:

> Here, the fines issued against DY were . . . imposed per day based upon repeated daily violations of numerous

9

> [Philadelphia] Code provisions. The violations pertained to potentially hazardous conditions on the [p]roperty which remained for approximately eight months, despite City demands to remediate. Thus, *the significant fine was an accumulation of penalties arising solely from DY's repeated and ongoing failure to correct the violations.*

*Id*. at 723 n.12 (emphasis added). *See also City of Phila. v. Matos* (Pa. Cmwlth., No. 1391 C.D. 2018, filed Dec. 12, 2019), *petition for allowance of appeal denied* (Pa., No. 22 EAL 2020, filed June 15, 2020) (concluding that excessive fine issue was waived but that Court would have concluded that $64,950 fine was not unconstitutionally excessive in light of repeated daily violations of numerous Philadelphia Code conditions that Matos failed to address for over one year despite City demands to remediate); *City of Phila. v. Philly Acquisitions, LLC* (Pa. Cmwlth., No. 50 C.D. 2019, filed Dec. 12, 2019) (concluding that excessive fine issue was waived but that trial court did not abuse discretion in imposing a second $15,000 fine given landowner's multiple failures to comply with the Department's notice, the trial court's orders directing remediation of Philadelphia Code violations, and the fines allowable under the Code).[10]

> As this Court recently noted:

> The value of the Property is not a consideration of the trial court in considering fines for violations of the [Philadelphia] Code. *See [Borough of Kennett Square v. Lal*, 643 A.2d 1172, 1175 (Pa. Cmwlth. 1994)]. In the trial court's Opinion, the trial court noted that the Code set parameters "in order to protect the public." (1925(a) Opinion at 6.) *See* Phila. Code § B-101.3 ("The purpose of this [C]ode is to establish the minimum requirements to

---

[10] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported decisions are not binding precedent but may be cited for persuasive value. 210 Pa. Code § 69.414(a).

> provide a reasonable level of safety, public health and general welfare . . . .").  The trial court further noted that it determined that the fine was "fair and just due to the time period that the [P]roperty remained noncompliant." (1925(a) Opinion at 5.)

*City of Phila. v. Okamoto* (Pa. Cmwlth., No. 51 C.D. 2019, filed Apr. 29, 2020), slip op. at 11-12.  The same holds true here.  Accordingly, we conclude that the $90,000 fine imposed in the present case was not unconstitutionally excessive given what the trial court characterized as RB's willful neglect as a property owner and the blatant failure to exhaust administrative remedies.

## III

Finally, RB contends that the trial court lacked subject matter jurisdiction to rule on the instant Code enforcement action due to what it characterizes as an impermissible mix of equity and criminal law involved in imposing fines under the Philadelphia Code.  Specifically, RB maintains that the trial court acting as a court in equity lacked jurisdiction to order fines under the Code because its penalty provisions are criminal statutes that must be decided by a magisterial district judge.

RB's subject matter jurisdiction argument is without merit.  In *City of Philadelphia v. Shih Tai Pien*, 224 A.3d 71 (Pa. Cmwlth. 2019), *petition for allowance of appeal denied* (Pa., No. 37 EAL 2020, filed June 15, 2020),[11] the Department issued an initial notice of violation to Pien for alleged violations of Section A-701.1 of the Philadelphia Building, Construction, and Occupancy Code (Administrative Code) and Sections F-901.6 and F-915.1 of the Philadelphia Fire Code.  Pursuant to the Administrative and Philadelphia Codes, violators of those

---

[11] Pien's petition for allowance of appeal to our Supreme Court did not include an issue as to subject matter jurisdiction and any alleged impermissible mix of equity and criminal law.

11

sections are subject only to fines without the possibility of imprisonment. *See* Administrative Code §§ A-601.1-601.3; Phila. Code §§ 1-109(1)-1.109(3). We held that the trial court had subject matter jurisdiction both to enforce the ordinances at issue and to grant an injunction against Pien. In support, we observed: "Because the ordinances that Pien was found to have violated do not provide for imprisonment, such ordinances are civil, rather than criminal in nature. In other words, in municipal enforcement actions where imprisonment is not a remedy for a conviction or failure to pay a fine, the Pennsylvania Rules of Civil Procedure apply." *Pien*, 224 A.3d at 85.

In the present case, neither of the Philadelphia Code violations at issue, Sections A-301.1.1(3) and A-301.6, calls for imprisonment. In other words, the penalties are civil, not criminal. *See* Phila. Code §§ A-601 and 1-109. Accordingly, the trial court had subject matter jurisdiction.

## IV

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge


Judge Cohn Jubelirer did not participate in the decision on this case.

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
:
            v.            :    No. 515 C.D. 2019
:
RB Parking, LLC,          :
                 Appellant   :

## O R D E R

AND NOW, this 16th day of July, 2020, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge